No. 16,019.

FINNERTY *v.* COOK.
(195 P. [2d] 973)

Decided June 7, 1948.    Rehearing denied July 26, 1948.

Mr. HENRY MCALLISTER, for plaintiff in error.

Mr. LOUIS G. ISAACSON, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

COLONEL JOHN G. COOK, deceased, is hereinafter referred to as Cook; his mother, plaintiff in error, as the mother; his widow, defendant in error, as the wife; and United Services Life Insurance Company as the company.

Cook held in the company a $5,000 life policy in which the wife was named as beneficiary. The mother claimed that she had been substituted. The company brought this action against the parties hereto to settle those conflicting claims. By agreement it paid the net proceeds of the policy into court and was discharged. The cause proceeded to trial to the court and to review its judgment for the wife the mother prosecutes this writ, contending that, the entire evidence considered, her claim of "equitable substitution" was established. Such is the sole question presented. There is no substantial disagreement as to the facts.

A change of beneficiary was provided for in the policy thus: "By filing written request therefor at the home office, in such form as the company may require, such change to take effect only when endorsed hereon by the company at its home office during the lifetime of the insured." It is admitted that there was no actual compliance with this provision. It also appears clear that under certain circumstances there may be an equitable substitution without such compliance. *United Services*

*Life Ins. Co. v. Farr,* 60 Fed. Supp. 829; *Phoenix Mut. Life Ins. Co. v. Cummings,* 67 Fed. Supp. 159. That conclusion seems to have been acquiesced in by this court. *Finnell v. Franklin,* 55 Colo. 156, 134 Pac. 122.

The policy in question likewise provided: "Subject to any endorsements hereon and to the rights of any assignee as above, the insured, without the consent of the beneficiary, shall have the right to receive every benefit, exercise every option, and enjoy every privilege conferred upon him by this policy."

■ From these provisions and authorities, and upon reason, we gather the rule here applicable to be that equity will declare a substitution when and only when, the intention of the insured is established beyond question and he has done everything possible under the circumstances to effectuate that intention.

What now are the facts definitely appearing from this record, plus those of which, because universally known, the court takes judicial knowledge and the irresistible conclusions deducible therefrom?

Under date of January 2, 1940, the company issued, from its office in Washington, D. C., the policy in question and mailed it to Cook, then in the military service and stationed at Hays, Kansas. In the subsequent hostilities incident to the war between the United States and Japan, Cook was captured and early in 1943 was held a prisoner in the Philippine Islands. At that time he wrote the mother a postal card reading: "Please see that Security Bank, Lawton, Oklahoma, is notified to write National Life Insurance Company, Washington (not government) and change $5,000.00 temporary policy to permanent. Expires December 1943. You as beneficiary, bank pay premiums. Am not sure of name of company." About one month later the mother wrote the company, "He has made me the beneficiary of the insurance policy * * *." A week later the company answered, stating the policy provisions concerning change

of beneficiary and that because of failure of compliance therewith the change could not be made. Some six months later Cook again wrote the mother a postal card reading: "Notify Security Bank, Lawton, Oklahoma, to change Insurance Policy from temporary to permanent, in National Life Company, not Government, Washington. I am not sure of name of company. Name you as beneficiary and Bank to pay premiums old policy expires in December." She immediately wrote the company reaffirming statements made in her former communication, saying she had again heard from Cook to the same effect as before, and inquiring, "Have his instructions been carried out?" August 24, 1944 the company answered reiterating its inability to change the beneficiary for the reasons previously given and closing thus: "This policy automatically converted to an ordinary life policy on 18 December 1942 and is in full force and effect. The premiums are being paid regularly by allotment and are now paid to 18 August 1944." Cook died in prison January 27, 1945. Prisoners were permitted to correspond only with members of their families and business communications were forbidden. Late in December, 1941, Cook had placed in custody of a friend, a lawyer in Manila, a box of papers, and then, or later from Japanese sources, this and other insurance policies came into the same hands. The whereabouts of all these remained unknown until March, 1946 when they were transmitted to counsel herein for the mother. In three of these policies, besides the one here in question, the wife was the beneficiary.

Of the communications from Cook to the mother the company was fully informed. It must be remembered that during all the time Cook was attempting to make the contemplated change he had no access to this policy, that he had at least three others, this being a private company and some of the others at least government companies, that he was not permitted to write the company, and that he was imprisoned under the most rig-

orous conditions and stringent limitations known during the late war.

The question of the applicable law is discussed in the briefs but since counsel for the wife insists that, "there is no conflict of laws involving the question here at issue," we give it no further attention than to say that we think it is the law of the District of Columbia. Under that law it appears that such provisions of a life policy as are here under consideration "are liberally construed in recognizing an insured's attempt to change the beneficiary." *United Services Life Ins. Co. v. Farr*, 60 Fed. Supp. 829; *Woods v. United States*, 69 Fed. Supp. 760.

It is contended that the cards written by Cook do not actually request a change of beneficiary and that there is doubt as to the intent of Cook to do so. With neither of these positions can we agree. We think the particular policy to which Cook referred was identified beyond the possibility of a doubt and his intention as clearly established. It appears from his communications that he thought this policy would expire on a given date and he wished it replaced by another with the changed beneficiary. He did not know that by its terms it was "automatically converted to an ordinary life policy," nor did he know that by its provisions the premiums were "paid regularly by allotment." Who, under the circumstances, could be expected to have such details in mind considering the number of policies he held, their inaccessibility, and their apparently diverse provisions? However, the thing he was trying in effect to do was made as clear as the noonday sun and had all the provisions of the policy been before him he could have done nothing more effectually to carry out his clearly established intention. The company declined to make the substitution because of Cook's failure to comply with specific provisions of the policy when such compliance was a physical impossibility, and it is clear from the findings of the trial judge that his reason for declination to recognize the attempted substitution was that, "no request was made

by the insured that the beneficiary be changed from Ella B. Cook to Charlotte Finnerty in said policy." We think so literal an interpretation of the contract is, under the facts of this case, unjust and unreasonable, and that the rule herein stated, supra, should be applied. No adjudicated case from an appellate court exactly in point has been called to our attention nor have we found one. Certain "war cases" cited come the nearest and practically all of these are from trial courts. They vary in their facts as widely as such cases of necessity must. However, no case has been called to our attention where the intent of the insured and the fact that he has done everything reasonably possible under the circumstances to carry out that intent have been so clearly established as here and where substitution has been denied.

For the reasons given this judgment is reversed and the cause remanded with directions to enter judgment for the plaintiff in error.

MR. JUSTICE JACKSON and MR. JUSTICE ALTER dissent.