Zimmerman, J.,
dissenting. By his last will and testament, dated July 18, 1944, Garver, the insured, expressed the plain intention and wish that if he died unmarried, which he did, his grandmother, Mrs. Frank *602 Stephens, was to receive the proceeds of the insurance policies in issue. Under these policies the insured was accorded the right to change the beneficiary designated therein by following the course prescribed.
Undoubtedly, an insurer may insist that the mode for changing a beneficiary as contained in the policy be followed, but, by the weight of authority, such requirement being for the benefit and protection of the insurer may be waived by him. Consequently, in a court action between rival claimants to the proceeds of an insurance policy, as here, the insurer issuing the policy waives the policy provision respecting change of beneficiary when he interpleads, pays the proceeds of the policy into court and expresses his willingness to have such proceeds distributed to whomever of the contesting claimants the court may decide is justly entitled thereto. This is the Ohio rule as set forth in the case of Atkinson v. Metropolitan Life Ins. Co., 114 Ohio St., 109, 150 N. E., 748.
Under such circumstances, the insurer removes himself from consideration, and the rights of the respective claimants alone are before the court for determination.
Surely, in a contest between rival claimants, each asserting that he should have the proceeds of a policy of life insurance, the original beneficiary named in the policy may not successfully urge that he should prevail because the requirements of the policy relative to the consent of the insurer to a change of beneficiary have not been met. The insurer alone may take advantage of such failure and by interpleading and paying the proceeds of the policy into court, he relinquishes his right to do so.
It is undoubtedly true that where a life insurance policy by its terms gives the insured the privilege of changing the beneficiary or of assigning the policy, the *603 beneficiary, so far as the insurance contract is concerned, has only an expectancy or contingent interest therein during the lifetime of the insured. Katz v. Ohio National Bank, Exr., 127 Ohio St., 531, 191 N. E., 782.
This court has not heretofore decided the precise question presented in this case, namely, whether the insured may by testamentary provision effect a change of an insurance policy beneficiary, where the power to make a change of such beneficiary is granted by the policy, without notice to or consent of the beneficiary named therein. The cases on the subject are in conflict, but it seems to the writer that the sounder and more appealing rule is found in the authorities which hold that the insured may change his beneficiary by a valid will. He is the one who has paid the premiums and kept the policy in force and his latest expressed wish as to who shall receive the benefits of the policy should be recognized and respected. By inter-pleading and paying the proceeds of the policy into court the insurer bows out of the picture.
In support of such position attention is directed to 1 Underhill’s Law of Wills, page 71, where the following statement appears:
“The cases which support the rule that the insured may dispose of the proceeds of a policy upon his life, though the beneficiary is specifically mentioned in the policy, are based upon the theory that the latter, during the life of the insured, has no vested right which the law protects. The majority of cases sustain tfiis view and hold that, in the absence of any special provision in the contract between the insured and the insurer, the name of the beneficiary may be changed by the former without the consent of the beneficiary and without notice to him. This would seem to be the correct view; for if the insured may, by ceasing to pay premiums, deprive the beneficiary of the proceeds of *604 the policy altogether, why may he not do so as well while keeping the policy alive by bequeathing the proceeds to another? The interest of the beneficiary under the policy assimilates closely to the expectation of a legatee under a will. The legacy vests upon the death of the testator, but until that date it may always be revoked or adeemed.”
Attention is further called to the case of Pedron v. Olds, 193 Ark., 1026, 105 S. W. (2d), 70, in which it was held that in a controversy between the wife and daughter of an insured over the proceeds of insurance policies, wherein the wife is named as beneficiary but under which she has no vested interest, the insured’s will, executed after he and his wife had separated, designating the daughter as beneficiary is effective and entitles her to the proceeds of the policies.
Near the close of the opinion in the Arkansas case, it is said:
“In the case before us, the beneficiary had no vested inlerest during the lifetime of the insured, and neither did the legatee under the will. Both provisions became effective on his death. The provision in the will conflicted with the provision in the policy designating appellant as beneficiary, and this being the insured’s last expression on the subject, it ought to control. ’ ’
Arrington v. Grand Lodge of Brotherhood of Railroad Trainmen (C. C. A. 5), 21 F. (2d), 914, certiorari denied, 276 U. S., 591, 72 L. Ed., 733, 48 S. Ct., 213; Phoenix Mut. Life Ins. Co. v. Cummings (D. C., Mo.), 67 F. Supp., 159; Whitman v. Whitman, 225 Ala., 113, 142 So., 413; and Finnerty v. Cook, 118 Colo., 310, 195 P. (2d), 973.
Approaching the problem from a somewhat different standpoint, the will of the insured designating the one to receive the proceeds of his life insurance policy ought to be treated essentially as an expression of his *605 intent on such subject, operative from the date of the execution of the will. It is certainly as forceful in conveying the wish of the insured as an improperly executed change of beneficiary on the policy which was never forwarded to the insurer. See Arnold v. New-comb, 104 Ohio St., 578, 136 N. E., 206.
The general policy of courts is to carry out the intent of a person in disposing of his property, whenever that is possible. Here, where the insurer, the only one who may insist upon compliance with the terms of the policy as to change of beneficiary, waives his right in that respect, no good reason remains as to why the intent of the insured should not be effectuated.
There need be no concern that the insurer tnay suffer. He can always protect himself by insisting upon compliance with the method prescribed in the policy for effecting a change of beneficiary, and if, upon surrender of the policy, he should pay the proceeds thereof to the beneficiary designated therein, it hardly seems reasonable to suppose that any court would require him to respond again under a testamentary provision of the insured.
Upon the basis of what has been said, the writer’s view is that the judgment of the Court of Appeals should be reversed and that of the Court of Common Pleas affirmed.