No. 18,394.

CHARLES FOX, ET AL. *v.* RENA HAWKINS.
(344 P. [2d] 973)

Decided October 13, 1959.

Mr. ROBERT L. McDOUGAL, Mr. ROLLIE R. ROGERS, for plaintiffs in error.

Mr. ISAAC E. MOORE, for defendant in error.

*En Banc.*

Mr. Chief Justice Knauss delivered the opinion of the Court.

Leon T. Sweeney, an employee of the New York Furniture House, was insured under a group life insurance policy for $1,000.00, it being policy numbered G-5969 — Certificate No. 30 issued by General American Life Insurance Company, hereinafter referred to as the Company. The named beneficiary was Rena Hawkins, a friend of the insured. Mr. Sweeney died June 6, 1955. The Company filed its complaint in inter-pleader, naming as defendants Rena Hawkins, Charles Fox, Rachel Fox, Charles Fox, as Executor of the Estate of Leon T. Sweeney, deceased, and Andrew Wysowatcky, as public administrator for the City and County of Denver. The Company alleged that it had issued the policy on the life of Mr. Sweeney; that it was in full force at the time of his demise; that Rena Hawkins had made claim to the proceeds of the policy as the designated beneficiary named therein; that Charles Fox and Rachel Fox claimed to be entitled either jointly or successively to the proceeds of said policy and that they had been named by the insured as beneficiaries in consideration of certain services rendered deceased by them; that Charles Fox as executor of the Sweeney Estate and the public administrator of the City and County of Denver also asserted some claim or interest to the proceeds of said policy. Under appropriate orders the Company deposited the face value of the policy, less the docket fee paid by it in court, and was discharged. The defendants named were required to assert their respective claims to the proceeds of the policy.

Rena Hawkins by answer made claim to the proceeds as the named beneficiary in the policy. Mr. and Mrs. Fox made claim to the proceeds of the policy alleging that they took care of Mr. Sweeney when he was ill,

administered to his needs and in general rendered valuable services to the deceased, who in recognition of these services on July 20, 1950, executed his last will and testament naming Mr. and Mrs. Fox as legatees and devisees and desiring to name them as beneficiaries under his life insurance policy, requested his attorney, Mr. McDougal, to write the insurance company asking for change of beneficiary from Rena Hawkins to Charles Fox.

In this record no claim is made on behalf of Charles Fox, as administrator of the estate of Leon T. Sweeney and Andrew Wysowatcky as public administrator of the City and County of Denver to the proceeds of this life insurance policy.

Tersely stated the issue presented to the trial court was whether Rena Hawkins or Charles Fox is entitled to the proceeds of the policy.

While this case presented only a question of law it was nevertheless tried to a jury. At the conclusion of the evidence counsel for Rena Hawkins moved for a directed verdict in her favor, which motion was granted. It was plainly intended by the trial judge that Rena Hawkins was entitled to the money deposited in the court by the Company, so that we may with propriety disregard the formal judgment entered by the clerk which recited that Rena Hawkins "do have and recover from" the several other defendants named in the complaint the sum of $976.02, being the net deposit made by the Company. From this determination of the case plaintiffs in error seek reversal.

In sum, the contention of counsel for plaintiffs in error is that the trial court erred in directing a verdict in favor of Rena Hawkins and against Charles Fox. Why a writ of error in behalf of Rachel Fox, Charles Fox as executor and Andrew Wysowatcky as Public Administrator, was sued out does not appear.

For reversal it is urged that the doctrine of equitable substitution of a beneficiary should have been applied

by the trial court, which would result in a finding that Charles Fox was entitled to the money represented by this policy.

The record discloses that on July 20, 1950, the date decedent's will was executed, he requested the attorney who prepared the will to take steps to have the beneficiary in this policy changed from Rena Hawkins to Charles Fox, and in the event of his death prior to the demise of the insured, that the beneficiary be Rachel Fox. Pursuant to this direction the attorney addressed a communication dated July 26, 1950, to the Company, as follows:

"Leon T. Sweeney has asked us to write you in connection with Group Policy Number G-5969, certificate number 30 insuring him for $1,000.00, payable to Rena Hawkins, a friend. Also, policy number ADD-1617, payable to her. The other policies number GH 1679 and SAH 1492 did not seem to contain a provision naming any benificiary. They simply cover non-occupational accident and sickness disability.

"He desires to change the benificiary on these policies to Charles Fox, 109 East 24th Avenue, Denver, Colorado. If Charles Fox is deceased, made payable to Rachel Fox as Contingent Benificiary.

"I do not know if it is necessary to send these policies in, and I am holding them here. If you desire to send the forms to change the benificiary, we will be happy to execute them here, and return the policies to you.

Very truly yours,
(Signed) Robert L. McDougal."

The foregoing letter was introduced in evidence as Exhibit 2, it being the original communication sent by Mr. McDougal to the Company, and was so identified by counsel for the Company.

The policy of insurance provided: "Employee [Sweeney] may, from time to time, designate a new beneficiary under the insurance represented hereby by filing

at the Home Office of the Company a written request on the Company's form."

It will be noted that the letter of Mr. McDougal indicated a desire on the part of Mr. Sweeney to change the beneficiary of this policy. He stated: "If you desire to send the forms to change the benificiary, we will be happy to execute them here, and return the policies to you." That communication was dated July 26, 1950. Nothing further was done by either Mr. Sweeney or his counsel prior to the death of the insured in June 1955.

In *Johnson v. New York Life Insurance Company,* 56 Colo. 178, 138 Pac. 414, it was claimed that the insured there designated the plaintiff in said action as the beneficiary of and under the policy and delivered the policy to her and that the same remained and continued in her possession until the death of the insured and that she paid and assisted in paying the premiums due thereon to keep the policy in force. Notice of the assignment was not given the insurance company. The court said:

"To excuse the failure of the insured to comply with the requirements of the policy in these respects it is alleged, that he [the insured] resided about fifty miles from Denver and made a trip for the purpose of making application at the office of the company in Denver to have plaintiff designated as the beneficiary; that he was ignorant of the manner and procedure required to be taken for the purpose of effecting such change; that he endeavored to find the agent through whom the policy was effected; that he was unable to do so; that he then attempted to transact the matter himself but found the offices of the company closed; that he was a laboring man, a miner, a poor person and a foreigner, and unable to either read or write the English language, except meagerly; that by reason of the long distance from his place of residence to an office of the company, the expense incident in going to one, and his unfamiliarity with the English language he neglected to have the policy changed in the proper manner."

It was then held that the excuses offered were insufficient, the court saying:

"It is not claimed that the conditions prescribed in the policy for a change of beneficiary were complied with. The complaint fails °to allege a sufficient attempt on the part of the insured to make a change of beneficiary in the manner provided, *or that he was prevented from doing so by the happening of that over which he had no control. What it alleges on this subject in the way of an excuse was pure neglect upon his part and nothing more.*" (Emphasis supplied.)

■ The best that can be said of the McDougal letter is that it expressed an intention on the part of Mr. Sweeney to change the beneficiary of this policy. The communication asked for directions as to how that could be accomplished. The letter was not signed by the insured and did not constitute a written request to the Company by him to change the beneficiary.

The trial judge predicated his ruling on *Johnson v. New York Life Insurance Company,* supra, and was correct in so doing.

■ The instant case is entirely different from *Finnerty v. Cook,* 118 Colo. 310, 195 P. (2d) 973, relied on by Fox. It was there held that " * * * equity will declare a substitution *when and only when,* the intention of the insured is established beyond question *and he has done everything possible under the circumstances to effectuate that intention.*" (Emphasis supplied.) Clearly Mr. Sweeney or his counsel did not do "everything possible under the circumstances to effectuate that intention."

■ It is patent that the judgment entered by the clerk of the district court was incorrect and not in accordance with the verdict of the jury under direction of the trial court because Rena Hawkins made no claim for a money judgment against the parties. Hence the cause is remanded to the trial court with directions to modify the judgment so as to provide for the payment to Rena

Hawkins of the moneys paid into court by the Company, and to discharge the Company.

As so amended the judgment is affirmed.