567 P.2d 809 (1977)
ITT LIFE INSURANCE CORPORATION, Plaintiff-Appellee,
v.
Kathleen F. DAMM, Defendant-Appellee, and
Clifford L. Skiff, Defendant-Appellant.
No. 76-342.
Colorado Court of Appeals, Div. III.
May 5, 1977.
Rehearing Denied May 26, 1977.
Certiorari Denied August 15, 1977.
No appearance for plaintiff-appellee ITT Life Ins. Corp.
John L. Kemp, Glenwood Springs, for defendant-appellee Kathleen F. Damm.
Martin G. Dumont, Charles H. Willman, Glenwood Springs, for defendant-appellant Clifford L. Skiff.
BERMAN, Judge.
This is an interpleader action brought by plaintiff, ITT Life Insurance Corporation, *810 against defendant Kathleen F. Damm and defendant Clifford L. Skiff to determine which of them was entitled to the proceeds of an insurance policy insuring the life of Gary W. Damm, Kathleen's husband and Skiff's stepson. By stipulation of the defendants, the matter was decided by way of summary judgment and upon an agreed set of facts. The court decided the matter in favor of defendant Damm, and defendant Skiff brought this appeal. We affirm.
The policy at issue was in the face amount of $10,000 and was issued in May 1972. At the time the policy was issued, the named beneficiary was Gary's stepfather, defendant Skiff.
On November 15, 1972, four days after his marriage, Gary sent a letter to plaintiff in which he stated that he wished to change the beneficiary on his life insurance policy to his wife, Kathleen F. Damm. On December 8, 1972, plaintiff sent Gary its change of beneficiary forms, requesting that they be completed, signed, and returned to the company; however, the change of beneficiary forms were not received back by the company, and some 14 months later, on February 21, 1974, Gary Damm died.
The contract of insurance involved in the instant case consisted of the policy and the application. In the body of the policy, under the heading, "Change of Beneficiary," is found the statement that the insured "may change the beneficiary, by filing at the Home Office of the Company a written request satisfactory to the Company." The application for insurance filled out by Gary Damm provides, immediately below the space provided for inserting the named beneficiary, that the beneficiary "[m]ay be changed on written request to the Company."
The trial court held that the insurance policy contained no specific method for changing the beneficiary, and that the insured's November 15, 1972 letter to the company effectively accomplished the change of beneficiary under the policy. Alternatively, the court held that even if the policy were considered to contain a specific method for such change, all that was required was reasonable notice, in writing, by the insured to the company, and that Gary's letter gave such notice. Further, the court held that under the "substantial compliance rule," the change of beneficiary had been effectively accomplished. Accordingly, the court held that Kathleen F. Damm was the rightful beneficiary under the policy, and that she was entitled to all the proceeds therefrom.
On this appeal, Skiff challenges the correctness of each of the trial court's rulings.
Ordinarily, where a contract of insurance prescribes the manner in which a change of beneficiary may be accomplished, a change of beneficiary can be accomplished only in the manner specified in the policy. Roberts v. Johnson, 212 F.2d 672 (10th Cir. 1954). However, if the insured has done all within his power to comply with the requirements of the contract, substantial compliance with respect to the provisions regarding change in beneficiary is sufficient to effectuate a change. Finnerty v. Cook, 118 Colo. 310, 195 P.2d 973 (1948); see Johnson v. New York Life Insurance Co., 56 Colo. 178, 138 P. 414 (1914). In the instant case the insured complied with the terms of the contract of insurance, and accordingly a change of beneficiary was effectuated by his November 15, 1972 letter to the company.
Here, the only specific requirement relative to a change of beneficiary contained in the contract of insurance is that the insured request the change in writing. The phrase "satisfactory to the company" adds no requirements which would be ascertainable to the insured at the time the policy was issued, or at the time the insured desired to effect a change in beneficiary. The phrase did not impose additional conditions on the insured's right to change his beneficiary, since the only requirements for a change of beneficiary which are recognized are those that are clearly specified in the contract, and the insurer may not add unwarranted requirements thereto. See Navassa Guano Co. v. Cockfield, 244 F. 222 *811 (E.D.S.C.), reversed on other grounds, 253 F. 883 (4th Cir. 1917); Rindlaub v. Travelers Insurance Co., 119 Ohio App. 77, 196 N.E.2d 602 (1962), aff'd, 175 Ohio St. 303, 194 N.E.2d 577; Sun Life Assurance Co. v. Sutter, 1 Wash.2d 285, 95 P.2d 1014 (1939); Cantala v. Travelers Insurance Co., 107 N.Y.S.2d 24 (Sup.Ct.1951). See generally Annot., 19 A.L.R.2d 5 at 122.
In the instant case, there is no requirement in the policy that the insured must use printed forms supplied by the company in order to change the beneficiary, and the term "satisfactory to the company" cannot be read to imply such meaning. Had the insurer intended to impose conditions on the insured's right to change his beneficiary, it was required to specify those requirements in the policy. See Townsend v. Fidelity & Casualty Co., 163 Iowa 713, 144 N.W. 574 (1913).
The insured here did everything required of him under the specific terms of the policy. Further, we note that the letter sent by the insured to the company contained virtually all the information the company requested on its printed form, lacking only the date of his marriage and the statement that the policy had not been assigned and that he was not disabled. Accordingly, we agree with the trial court that reasonable notice in writing by the insured to the company was the only requirement to effect a change of beneficiary, and that the insured, by his November 15, 1972 letter, gave the required notice.
Our holding that the insured complied with the terms specified in the contract of insurance dispenses with the necessity of deciding whether Gary Damm's actions amounted to a "substantial compliance" with the terms of the policy.
Judgment affirmed.
PIERCE and STERNBERG, JJ., concur.