NATIONAL WESTERN LIFE INSUR-
ANCE COMPANY, a Colorado corpora-
tion, successor in interest to Hamilton
National Life Insurance Company, an
Indiana corporation, Plaintiff,

v.

Betty Jo SCHMEH, formerly known as
Betty Jo Napper, Defendant-Appellant,

and

Gloria Napper, Defendant-Appellee.

No. 85CA1596.

Colorado Court of Appeals,
Div. III.

Aug. 20, 1987.

Rehearing Denied Sept. 24, 1987.

Certiorari Granted (Napper) Feb. 1, 1988.

Dinner, Hellerich and Lazar, Thomas E.
Hellerich, Charles J. Connell, Greeley, for
defendant-appellant.

Shade, Doyle, Klein, Otis & Frey, Roger
A. Klein, Greeley, for defendant-appellee.

TURSI, Judge.

In this interpleader action, defendant
Betty Jo Schmeh seeks reversal of the trial
court's judgment determining that defend-
ant Gloria Napper is entitled to the pro-
ceeds of the life insurance policy Robert S.
Napper (insured) held with plaintiff, Na-
tional Western Life Insurance Company
(National Western). Schmeh asserts the
trial court erred by ruling that the insured
effectuated a change of the beneficiary of
his life insurance policy and that the sepa-
ration agreement terminated her interest in
the policy. We agree and therefore re-
verse.

The insured purchased life insurance
from Hamilton Life Insurance Company
(Hamilton National) and named as benefi-
ciary Betty Jo Napper, his then wife, now
known as Betty Jo Schmeh. Their mar-

riage was dissolved in September of 1973. Incorporated into the decree of dissolution was their separation agreement which provided that each party would be the owner of the life insurance policies in his or her own name, and provided that each could change beneficiaries on the respective policies.

The insured wrote a letter to Hamilton National dated October 15, 1973 stating he was assigning the policy to First National Bank of Greeley to secure a loan and that he wanted to change the beneficiary of the policy to his mother. In response, the insurance company sent a letter dated October 23, 1973, to the insured stating as follows:

> "In order that we may make the change of beneficiary you requested, please complete the enclosed Change of Beneficiary form and return it to us along with the contract itself. Your policy will be returned to you after the change has been recorded...."

The records of the insurance company include no completed change of beneficiary form and show that there was no endorsed change of beneficiary. The insured's mother died in May of 1977.

In August of 1983, the insured married Gloria Napper. A few months later he died intestate leaving her as his sole surviving heir. Intrawest Bank of Greeley, N.A. (Bank) was appointed as personal representative of his estate.

Both Schmeh and the Bank made claims against National Western, successor in interest to Hamilton National, for the proceeds of the policy. Schmeh claimed as the named beneficiary on the policy. The Bank claimed that the insured's mother was the beneficiary of the policy, and since she had predeceased him, the proceeds were part of his estate. National Western filed this interpleader action to determine to whom the proceeds of the policy should be paid. Gloria Napper was irrevocably assigned all right, title, and interest to the claim by the Bank and was substituted as a party to the action.

The parties stipulated to the value of the policy and trial was held to the court. By construing the separation agreement together with the letter the insured wrote to the insurance company, the trial court determined that he had taken steps to effect a change in beneficiary to his mother and that the intent under the separation agreement was to terminate Schmeh's interest in the policy. Therefore, it ordered the proceeds of the policy be paid to Gloria Napper.

## I

Schmeh asserts the trial court erred by ruling the insured had complied with the requirements of his life insurance policy to effectuate a change of beneficiary. We agree.

Generally, if a contract of insurance prescribes the manner in which a change of beneficiary can be accomplished, a change of beneficiary can be accomplished only in the manner specified. *ITT Life Insurance Corp. v. Damm,* 39 Colo.App. 285, 567 P.2d 809 (1977).

However, if the insured has done all that is within his power under the circumstances to comply with the requirements of the insurance contract, substantial compliance with the provisions regarding change in beneficiary effects an equitable substitution of beneficiary. *Fox v. Hawkins,* 140 Colo. 438, 344 P.2d 973 (1959); *Finnerty v. Cook,* 118 Colo. 310, 195 P.2d 973 (1948).

Here, the policy provided that the owner could designate a new beneficiary:

> "by filing a written request therefor at the Home Office of the Company on forms satisfactory to the Company, accompanied by this policy for suitable endorsement. Such change shall take effect only upon endorsement thereof on the policy by the Company at its Home Office...."

The insured did not comply with the terms of the insurance policy to effectuate the change in beneficiary. He neither filed the request on the forms satisfactory to the insurance company nor submitted the policy for endorsement at the company's home office.

Gloria Napper cites *ITT Life Insurance Co. v. Damm, supra* and contends written notice by letter rather than by the company's form was compliance. However, *ITT Life Insurance Co.* is distinguishable from the situation here in that the policy at issue there contained no requirement that the written request for change be on "forms" that were satisfactory to the company.

Gloria Napper also contends the insured substantially complied with the terms of the policy even though he did not submit it for endorsement at the company's home office since the policy was held as collateral for a loan by First National Bank of Greeley until December of 1976. However, since he failed to submit the policy for endorsement during the following years until his death in 1984, we conclude he did not do all that was within his power to effectuate the change as is necessary to make an equitable substitution of beneficiary. *Fox v. Hawkins, supra; Finnerty v. Cook, supra.*

## II

 Schmeh also asserts the trial court erred by determining the separation agreement terminated her interest as the named beneficiary of the policy. We agree.

Separation agreements must be interpreted in a manner compatible with the clear intent of the parties as manifested by the written terms of the contract. *Mullenax v. National Reserve Life Insurance Co.*, 29 Colo.App. 418, 485 P.2d 137 (1971).

The separation agreement here provided:
"Upon entry of final decree of dissolution each of the parties will be the sole and only owners of their respective life insurance policies, and each waives any interest in said policies. Each party shall be free to change beneficiaries on said policies."

This unambiguous language means Schmeh waived any right to assert a claim against her husband's interest, as an owner of his life insurance policies. However, the separation agreement did not affect her status as beneficiary under the policy, which was a mere expectancy, not a present interest. *Mullenax v. National Reserve Life Insurance Co., supra.* Since the agreement does not contain a renunciation or disclaimer of her expectancy in the policy, we conclude the separation agreement did not terminate her interest as beneficiary.

Gloria Napper relies on *In re Estate of McEndaffer*, 192 Colo. 431, 560 P.2d 87 (1977). However, that ruling is inapposite here. The *McEndaffer* separation agreement provided for a waiver of "all claims of every kind and nature," and thus, it did include a waiver of any expectancy.

We need not reach Schmeh's remaining contention.

The judgment is reversed and the cause is remanded with directions to enter judgment and make distribution of the policy proceeds in accordance with the views expressed herein.

KELLY and CRISWELL, JJ., concur.