23CA1310 Peo v Cox 12-18-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA1310
Arapahoe County District Court No. 22CR1917
Honorable Shay K. Whitaker

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Ronald Mortez Cox,

Defendant-Appellant.

---

ORDER VACATED

Division I
Opinion by JUDGE SCHUTZ
Grove, J., concurs
J. Jones, J., specially concurs

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 18, 2025

---

Philip J. Weiser, Attorney General, Jillian J. Price, Deputy Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Michael J. Kaufmann, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Ronald Mortez Cox, appeals the restitution order entered following his guilty plea to first degree aggravated motor vehicle theft. We vacate the restitution order because it was entered more than ninety-one days after sentencing without a timely, express finding of good cause to extend the deadline.

## I.     Background

¶ 2     While fleeing after stealing a truck, Cox collided with another vehicle, damaging it. The prosecution charged him with criminal mischief, first degree aggravated motor vehicle theft, third degree assault, reckless driving, and driving under restraint. He pleaded guilty to first degree aggravated motor vehicle theft in exchange for the dismissal of the remaining counts.

¶ 3     As part of his plea agreement, Cox agreed to pay restitution:

> Defendant is obligated to pay restitution as defined in [section] 18-1.3-602[, C.R.S. 2025]. The defendant admits to liability, stipulates to causation, and agrees to pay restitution for all pecuniary losses suffered by all victims for all charged counts, even those dismissed as part of this plea agreement. *Pursuant to* [*section*]

*18-1.3-603(1)(b)[, C.R.S. 2022],*[1] *defendant waives objection to the final amount of restitution being determined within 91 days following the order of conviction.*

(Emphasis added.)

¶ 4 At the providency hearing on December 5, 2022, the district court stated that "[r]estitution would be ordered in this case." The court gave the prosecution forty-five days to file a request and the defense fifteen days to object.

¶ 5 The prosecution timely filed a motion for restitution. It requested $800 in restitution payable to the owner of the vehicle Cox hit.

¶ 6 At sentencing on February 13, 2023, the district court stated it "will order restitution" and gave the prosecution forty-five days to file a request (despite the fact that it had already filed one). The court sentenced Cox to three years in community corrections. The

---

[1] At the time of the offenses in 2022, district courts had ninety-one days following the order of conviction to determine a specific amount of restitution. § 18-1.3-603(1)(b), C.R.S. 2022. In 2025, the General Assembly amended the deadline such that courts must determine a specific amount of restitution within sixty-three days following the later of (1) the prosecution's presentation of restitution information or (2) the order of conviction. Ch. 307, sec. 1, § 18-1.3-603(1)(b), 2025 Colo. Sess. Laws 1606. All citations to section 18-1.3-603 in this opinion are to the 2022 statute.

mittimus stated, "RESTITUTION ORDERED, PEOPLE TO FILE FINAL AMOUNT WITHIN 45 DAYS."

¶ 7     In April 2023, after seven days in community corrections, Cox absconded.  A warrant was issued on April 19, 2023, and he was arrested on June 4, 2023.

¶ 8     On June 14, 2023, the district court held a hearing to address resentencing and restitution.  The court said it had determined that the ninety-one-day deadline for ordering restitution had expired on May 15, 2023.  But it had not entered restitution because it was concerned that, during the time between the issuance of the warrant and Cox's arrest, he "did not have counsel and did not necessarily have notice of the restitution or any objection otherwise filed."

¶ 9     Defense counsel objected to ordering restitution, citing *People v. Weeks*, 2021 CO 75, and argued that a court must make an "explicit, on-the-record finding of good cause" to extend the ninety-one-day deadline within those ninety-one days.  And, here, "sentencing happened, the [ninety-one] days ran, there was a restitution motion filed during that time, but there was nothing that the Court took action on during that time."  Counsel also objected

"to the Court making any sort of findings of an implicit good cause or for a retroactive finding that there was good cause."

¶ 10    The district court reiterated its concern "that [it] had no way to serve [Cox] both the restitution order, as well as . . . any order [it] would have made in regard to good cause, finding that [Cox] was on a warrant status without counsel." The court ordered restitution as requested by the prosecution, 121 days after sentencing.

## II.    Discussion

¶ 11    Cox contends that the district court lacked authority to order restitution because it failed to act within the statutory period and made no timely finding of good cause. Although the People concede that the court imposed restitution outside the ninety-one-day deadline and failed to make an express good cause finding within ninety-one days, they argue that Cox waived any objection to imposing restitution outside the deadline based on the language in his plea agreement. We are not persuaded by the People's waiver argument and therefore agree with Cox that the restitution order was entered without authority and must be vacated. *See Weeks*, ¶ 45.

## A. Standard of Review and Applicable Law

¶ 12   We review de novo whether a district court complied with the restitution statute. *Id.* at ¶ 24.

¶ 13   Under section 18-1.3-603(1), every judgment of conviction must contain an order regarding restitution. *See Weeks*, ¶ 3. As relevant here, a district court may order the defendant to pay restitution while deferring a determination as to the specific amount. § 18-1.3-603(1)(b).

¶ 14   When a court enters an order at the sentencing hearing requiring restitution to be paid but delays determining the amount, it is required to enter an order determining the restitution amount within ninety-one days of the defendant's sentencing hearing. *Weeks*, ¶¶ 4, 8 n.5. This ninety-one-day deadline may be extended "only if, before [it] expires, the court expressly finds good cause for doing so." *Id.* at ¶ 5. If the court fails to enter an order for a specific restitution amount within ninety-one days of sentencing and does not make an express finding of good cause for extending that deadline before the deadline expires, the court loses authority to order restitution. *See id.* at ¶ 45.

## B. Waiver

¶ 15 A defendant may waive the statutory right to have restitution ordered within ninety-one days absent an express finding of good cause. *See Babcock v. People*, 2025 CO 26, ¶ 27; *Johnson v. People*, 2025 CO 29, ¶ 27; *People v. Roberson*, 2025 CO 30, ¶ 14. "[W]aiver of a statutory right 'must be voluntary, but need not be knowing and intelligent.'" *Babcock*, ¶ 29 (quoting *Finney v. People*, 2014 CO 38, ¶ 16). "Waiver may be explicit, such as 'when a party expressly abandons an existing right or privilege,' or implied, such as 'when a party engages in conduct that manifests an intent to relinquish a right or privilege or acts inconsistently with its assertion.'" *Id.* (quoting *Forgette v. People*, 2023 CO 4, ¶ 28). Waiver extinguishes error and therefore appellate review. *People v. Rediger*, 2018 CO 32, ¶ 40.

¶ 16 The People argue that Cox "voluntarily waived his right to have restitution ordered within 91 days of his conviction" by agreeing in his plea agreement that, "[p]ursuant to [section] 18-1.3-603(1)(b), defendant waives objection to the final amount of restitution being determined within 91 days following the order of conviction." In turn, Cox asserts that "[b]y 'waiv[ing] objection' to a restitution

6

determination 'within 91 days,' [Cox] agreed that the court would not have to determine and order restitution at sentencing" and instead "consented to a determination 'within 91 days following the order of conviction.'" To reach the outcome proposed by the People, Cox argues that we would have to rewrite the terms of the plea agreement in one of two ways: (1) by interpreting "objection" to mean "right" or (2) by construing "within" to mean "beyond" or "outside." In other words, we would have to interpret the terms of the plea agreement to mean that (1) Cox waived his right to have restitution determined within ninety-one days following the order of conviction or (2) Cox waived his right to object to restitution being determined beyond ninety-one days following the order of conviction.

¶ 17    But, as Cox notes, the plea agreement says neither of these things. The agreement specifically waives objection to restitution being determined *within* ninety-one days. In contrast, on appeal, Cox is objecting to restitution being determined *beyond* ninety-one days.

¶ 18    We acknowledge that we must interpret a plea agreement (1) "consistent with 'the reasonable intent of the parties in light of

the defendant's right to be treated fairly by the government,'" *People v. Johnson*, 999 P.2d 825, 829 (Colo. 2000) (citation omitted); and (2) "pursuant to an objective standard, focusing on the meaning a reasonable person would have attached to the agreement under the circumstances," *id.* And perhaps the prosecution intended for the provision in Cox's plea agreement to qualify as a waiver of the ninety-one-day deadline, but even if so, the plea agreement does not say that. And aside from the plain language of the plea agreement itself, the best direct evidence of the parties' "reasonable intent" with respect to the meaning of the waiver comes from the motion for restitution, where the prosecution stated that "[t]he specific amount of restitution shall be determined within 91 days immediately following the order of conviction, pursuant to [section] 18-1.3-603(1)(b)." Moreover, the prosecution did not raise waiver at any of the hearings before or after the execution of the plea agreement.

¶ 19 Furthermore, we disagree with the suggestion that the waiver signed by Cox gave nothing of value to the prosecution. Section 18-1.3-603(2)(a) requires the prosecution to use reasonable diligence to determine the amount of restitution and present it to the court at or

8

before the sentencing hearing. § 18-1.3-603(2)(a) ("[T]he prosecuting attorney shall present this information to the court prior to the order of conviction . . . ."). And there is an open question whether the sentencing court loses the authority to impose restitution if the prosecution does not exercise diligent efforts to bring restitution information to sentencing. *See People v. Brassill*, 2024 COA 19, ¶¶ 30-31 (*cert. granted* Aug. 4, 2025). By obtaining Cox's waiver of the right to object to restitution within ninety-one days, the People eliminated this risk.

¶ 20    Finally, we note that when the court acknowledged its failure to enter a restitution order within ninety-one days, neither the court nor the prosecutor asserted that Cox had waived his right to have restitution determined within the statutory period. Rather, both the court and the prosecutor argued that the court could make a belated finding of good cause to cure its failure to do so within ninety-one days. But this is contrary to *Weeks*, which held that "neither a belated request for more time to determine the proposed amount of restitution nor an order granting such a request may act as a defibrillator to resuscitate an expired deadline." *Weeks*, ¶ 7.

Accordingly, we conclude that Cox did not waive his right to have restitution ordered within ninety-one days of his conviction.

## C.   Authority to Order Restitution

¶ 21   Having determined that Cox did not waive his right to have restitution determined in ninety-one days, *Weeks* is dispositive.  By the ninety-first day after Cox's sentence — May 15, 2023 — the district court had neither determined a specific restitution amount nor found good cause to extend the deadline.  *See* § 18-1.3-603(1)(b).  Consequently, the court did not have authority to order Cox to pay restitution 121 days after he was sentenced.  *See Weeks*, ¶ 45 (finding the trial court lacked authority to order restitution after the statutory ninety-one-day deadline had passed without an express finding of good cause); *see also People v. Roddy*, 2021 CO 74, ¶ 21 (same).

¶ 22   Furthermore, the district court's reference at the June 2023 hearing to Cox's warrant status and lack of counsel and its inability to serve him with orders did not justify the delay in entering restitution.  As previously noted, the deadline imposed on the court under section 18-1.3-603(1)(b) may not be extended by an untimely finding of good cause to extend the deadline.  *Weeks*, ¶ 7.

## III.    Disposition

The restitution order is vacated.

JUDGE GROVE concurs.

JUDGE J. JONES specially concurs.

JUDGE J. JONES, specially concurring.

¶ 24     I concur with the majority's disposition but write separately because I disagree with its reasoning.

¶ 25     As I see it, the most rational reading of the waiver provision in the plea agreement, understood in context, is that Cox waived his right to have the court determine the amount of restitution within ninety-one days of the order of conviction. The waiver provision was written in the wake of the Colorado Supreme Court's decision in *People v. Weeks*, 2021 CO 75, ¶ 45, in which the court held that a sentencing court lacks authority to order restitution beyond the statutory period of (then) ninety-one days, unless, within that period, the court makes an express finding of good cause for an extension. The waiver provision is expressly written in terms of the court's determination of the final amount of restitution. And it expressly references section 18-1.3-603(1)(b), C.R.S. 2022, which relates to the time for the court to determine the amount of restitution after ordering restitution at sentencing. The only advantage the prosecution could have received from that provision — which was clearly included for the prosecution's benefit — was to extend the ninety-one-day period.

¶ 26　Though the majority hypothesizes that the provision could have concerned the prosecution's obligation to present information supporting the amount claimed, nothing in the provision even hints at such an intent: as noted, the provision expressly concerns the court's determination of the amount.  And it doesn't refer to section 18-1.3-603(2)(a), which concerns the timing for the prosecution to present information supporting the amount sought.  (Cox doesn't argue the intent ascribed to the provision by the majority.)

¶ 27　I would therefore conclude that, although unartfully worded, the provision was intended to serve as a waiver of Cox's statutory right to have the court determine the amount of restitution within ninety-one days of the order of conviction.  *See Ad Two, Inc. v. City & County of Denver*, 9 P.3d 373, 377 (Colo. 2000) ("[W]e should not allow a hyper-technical reading of the language in a contract to defeat the intentions of the parties. . . .  'We should not allow inept expressions to defeat the evident intentions of the parties.'" (quoting *Hutchinson v. Elder*, 344 P.2d 1090, 1092 (Colo. 1959))); *Finnerty v. Cook*, 195 P.2d 973, 975 (Colo. 1948) (rejecting a proposed interpretation of a contract that, under the facts, would lead to an unreasonable result).

¶ 28    So if that were the end of the matter, I would dissent. But it isn't. For after the parties entered into the plea agreement, and the court accepted it, the People waived the waiver provision.

¶ 29    The People's motion for restitution said, "[T]he specific amount of restitution shall be determined within 91 days immediately following the order of conviction, pursuant to [section] 18-1.3-603(1)(b)." The People's proposed order on the motion said the same thing. The court signed that proposed order. And at the restitution hearing, when Cox's attorney objected and argued that *Weeks* holds that the ninety-one-day deadline is a "hard stop," the prosecutor didn't mention the waiver provision. The prosecution therefore at least implicitly waived the provision. *See Babcock v. People*, 2025 CO 26, ¶ 29 ("Waiver may be explicit, such as 'when a party expressly abandons an existing right or privilege,' or implied, such as 'when a party engages in conduct that manifests an intent to relinquish a right or privilege or acts inconsistently with its assertion.'" (quoting *Forgette v. People*, 2023 CO 4, ¶ 28)); *cf. Woods v. Monticello Dev. Co.*, 656 P.2d 1324, 1327 (Colo. App. 1982) (an anti-waiver provision in a contract may be waived by conduct).

¶ 30    Therefore, I concur in the judgment.