# No. 14,308.

## RAHE *v.* PRUDENTIAL INSURANCE COMPANY OF AMERICA ET AL.
### (85 P. [2d] 725)

Decided December 5, 1938.

Mr. V. G. SEAVY, for plaintiff in error.

Messrs. PHELPS & GOBIN, for defendant in error Willschau.

*In Department.*

242

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there, or by name. Plaintiff is the father of Lois I. Willschau, deceased.

The question at issue is whether plaintiff, claiming by assignment, or the administrator, claiming under the contract, takes the proceeds of a life insurance policy held by deceased. The policy, dated December 5, 1927, was for $500 and was payable "to the executors or administrators of the insured." It contained no specific provisions for assignment or change of beneficiary, and specified that "no condition, provision or privilege of this policy can be waived or modified in any case except by endorsement hereon." There was no such endorsement. November 29, 1935, said Lois I. Willschau wrote and signed the following: "I do hereby request that my Prudential Policy, No. 72 789 933 be paid to my Father to cover expenses of my Dr. Bills in Savannah, Missouri, and Little Rock, Arkansas, for the money my Father advanced me to an amount over $500.00. Date of Policy, Dec. 5, 1927." Twenty-five days later she died. January 13, following, plaintiff brought this action in the county court of Pueblo county. He pleaded the foregoing facts, inter alia, set forth a copy of the policy, and asked that the administrator be adjudged without claim thereto and that the company be ordered to pay him. By stipulation the company paid into court and was discharged. The administrator demurred to the complaint for want of facts. The demurrer was overruled. Answer was thereupon filed and the cause was tried to a jury. On a verdict for plaintiff judgment was entered. The administrator appealed to the district court where the demurrer was sustained. Plaintiff elected to stand and the action was dismissed at his costs. To review that judg-

ment he prosecutes this writ. The sole error assigned is the order of the district court sustaining the demurrer.

 Whether the document above quoted is an assignment or an attempt to change the beneficiary, is argued at length by counsel. In our view it is immaterial. This policy was a chose in action and subject to all the conditions of such. *Sheets v. Sheets*, 4 Colo. App. 450, 36 Pac. 310. It was the property of the insured and on her death would become a part of her estate. No one had any rights therein. *Prudential Ins. Co. v. Young*, 14 Ind. App. 560, 43 N. E. 253, 56 Am. St. Rep. 319. The quoted restriction in the policy was for the sole benefit of the company. No other could take advantage of it. *Mutual Benefit Life Ins. Co. v. Swett*, 222 Fed. 200, 137 C. C. A. 640.

 Certain cases cited to support the questioned ruling are not here noticed because in each there was a designated and existing beneficiary. Such beneficiary, having a vested interest, those cases are not in point. In the absence of such designation the insured was free to do as she pleased with this policy. *Prudential Insurance Co. v. Young, supra.* She directed payment to her father in discharge of a debt. Only the company could object to the form of that direction and it has waived. The demurrer should have been overruled.

The judgment is accordingly reversed and the cause remanded.

MR. JUSTICE HILLIARD, MR. JUSTICE BAKKE and MR. JUSTICE HOLLAND concur.