Argued April 4, affirmed May 1, 1968

· DUDLEY, *Appellant, v.* THE FRANKLIN
LIFE INSURANCE COMPANY ET AL,
*Respondents.*
440 P. 2d 363

*M. M. Orona,* Lebanon, argued the cause for appellant. On the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

*Steven Anderson,* Salem, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

SLOAN, J.

This is a contest over the proceeds of a life insurance policy issued by defendant Franklin Life Insurance Company on the life of Bob Eugene Dudley. The contesting parties are the plaintiff, the divorced wife of Bob Dudley who was the named beneficiary in the policy on the date of Dudley's death and defendants, his two children by a former marriage. The children appear by their mother as guardian ad litem. The divorce proceedings between Dudley and plaintiff had been in California, where they resided at the time. As a part of the divorce proceedings, plaintiff and Dudley entered into a property settlement agreement which divested each of them from any claim to the property of the other. The trial court held that the property settlement agreement did bar plaintiff's claim to the proceeds of the policy. She appeals.

It is conceded that the case must be decided by California law. We read *Sullivan v. Union Oil Co. of California,* 1940, 16 Cal2d 229, 105 P2d 922, and *Shaw v. Board of Administration,* 1952, 109 Cal App2d 770, 241 P2d 635, to support the trial court's decision.

Each of the cited cases involved identical fact situations to the instant case. In the *Sullivan* case the California court held that an insurance contract was a form of community property and that a property settlement agreement was binding on the beneficiary named in the insurance policy. The court in part, gave the following reasons for its decision:

"* * * But the dominant and governing feature herein which clearly distinguishes the facts from those in the Jenkins case is that of her own free will, with full knowledge of the existence of the fund and of all pertinent facts, acting under the advice and counsel of her attorney (who drafted

the agreement), and for full and valuable consideration therefor, the wife had expressly agreed with her husband to forever settle and divide between them *all* their respective properties including that of the community, to waive any right of succession or inheritance with respect to his remaining property and to release him from any and all obligations to her which theretofore may have had existence for any reason whatsoever." *Sullivan v. Union Oil Co. of California, supra,* 16 Cal2d at p 237, 105 P2d at p 927.

The facts stated in the quotation are exactly the same as in the instant case.

The *Sullivan* case was followed in *Shaw v. Board of Administration, supra.* More recently in *Tucker v. Brady* (CCA 9th, 1962) 305 F2d 550, the California law was examined and again held to establish that a property settlement agreement of the kind involved here was a relinquishment of the right to claim as the named beneficiary of a life insurance policy.

The judgment is affirmed.