485 P.2d 137 (1971)
Sarah A. Wisley MULLENAX, Plaintiff-in-Error,
v.
NATIONAL RESERVE LIFE INSURANCE COMPANY et al., Defendants-in-Error.
No. 70-547, (Supreme Court No. 23906.)
Colorado Court of Appeals, Div. I.
May 11, 1971.
*138 Edward O. Geer, Bill D. LaRue, Denver, for plaintiff in error.
No appearance for defendant in error National Reserve Life Ins. Co.
Yegge, Hall & Evans, Wesley H. Doan, Denver, for defendant in error Rufus A. Wisley, a/k/a Rufus H. Wisley.
Donald L. Dill, Denver, for defendant in error Lucy Morris, formerly known as Lucy A. Spradlin.
Richard B. Bauer, Westminster, for defendant in error Estate of Robert C. Wisley, Rufus A. Wisley, Admr.
Before COYTE, DUFFORD and PIERCE, JJ.
Selected for Official Publication.
COYTE, Judge.
This case was transferred from the Supreme Court to the Court of Appeals pursuant to statute.
The parties appear in the same order here as they appeared below and shall be referred to in the same manner or by name.
The facts are undisputed. In 1949 the plaintiff, Sarah A. Wisley, now known as Sarah A. Wisley Mullenax, married Robert C. Wisley. In 1955 Robert Wisley purchased an insurance policy on his life from the defendant, National Reserve Life Insurance Company, naming as beneficiary: "Sarah A. Wisley, wife, or should she not live to receive payment, to Rufus A. Wisley, father, and Lucy A. Spradlin, mother-in-law, equally or survivor".
The parties to this marriage were divorced two years later, at which time a property settlement was executed, paragraph 8 of which provided:
"The wife hereby conveys, signs and sets over unto the husband all of her right, title and interest in and to any and all other property presently standing in the name of the husband * * *."
Similar terms were applied to the husband as well.
Nine years later, in 1966, Robert Wisley died as the result of an accident, with no change of designated beneficiaries made in the insurance policy.
The plaintiff, Sarah A. Wisley Mullenax, claimed under this policy as principal beneficiary. Also, making a claim was the decedent's father, Rufus A. Wisley, as secondary beneficiary. The defendant, National Reserve Life Insurance Company, admitted liability in general, but stated that it did not know if it should pay Sarah Wisley as principal beneficiary, or Rufus Wisley and Lucy Spradlin as secondary beneficiaries, or the Estate of Robert C. Wisley. Accordingly, it tendered into court the amount of the policy, stipulated to by all parties as the correct amount, and moved for interpleader against all the other parties. This motion was granted and the National Reserve Life Insurance Company no longer is a party to this action.
The trial court found in favor of the defendants, Rufus Wisley and Lucy Spradlin, and against the plaintiff Sarah Wisley and defendant Estate of Robert Wisley, on the grounds that the plaintiff, by her separation agreement entered into in 1957, released all of her rights to the proceeds of this policy. Plaintiff has brought error, urging that as principal beneficiary she is entitled to the full amount of the policy.
The defendant Rufus A. Wisley argues that the trial court was correct in refusing to permit the plaintiff to recover, but erred in allowing the defendant Lucy A. Spradlin to recover one-half of the proceeds.
*139 The first argument to be considered is the defendant Rufus Wisley's contention concerning the policy itself. It is his theory that this is an "Old Line Legal Reserve policy," which requires by its terms that, in order to recover, the beneficiary must have an insurable interest in the life of the insured at the time of the insured's death. Because of the divorce, according to the defendant Rufus Wisley, neither the plaintiff nor her mother is entitled to recover because the divorce severed all of the plaintiff's and her mother's insurable interest in the decedent's life.
Even if the above assertions are true, it would not defeat recovery by the plaintiff or her mother. The record clearly reveals this as an interpleader action in which the insurance company has paid the proceeds into the court and is not interested in the outcome of the suit. The insurer may assert the lack of insurable interest on the part of the beneficiary, but another claimant to the proceeds may not raise this issue. Girdner v. Girdner, 337 P.2d 741 (Okl.); Feely v. Lacey, 133 Mont. 283, 322 P.2d 1104; Bynum v. Prudential Insurance Co., D.C., 77 F.Supp. 56; Matthews v. Matthews, 163 Kan. 755, 186 P.2d 233; Gristy v. Hudgens, 23 Ariz. 339, 203 P. 569. We need not determine if the policy requires plaintiff to have an insurable interest in the decedent's life, for this would be a defense to liability only on the part of National Reserve Life Insurance Company, which chose not to raise it as a bar to plaintiff's recovery when it interpleaded the other parties in this action.
The assertion is also made that, regardless of the policy terms, a former wife does not have an insurable interest in the life of her former spouse so as to be able to recover the proceeds of a life insurance policy.
The policy was purchased and owned by the decedent, not the plaintiff. According to the great weight of authority, where the insured purchases a policy on his own life, he is free to choose whomever he wishes as beneficiary without regard to the insurable interest of that beneficiary. Only where the beneficiary purchases the policy is it required that he have such an interest in the life of the insured. E. Patterson, Essentials of Insurance Law § 37 (2d ed.). We look to the policy in this case and find that the designated principal beneficiary is Sarah Wisley. The decedent was perfectly free to designate whomever he chose as beneficiary, without regard to the insurable interest of that beneficiary. Here he designated his wife, and although later divorced, he took no steps to change his designation. She is entitled as principal beneficiary to recover the full amount of the policy whether or not she had any insurable interest in the decedent's life.
The final question concerns the effect of the separation agreement on the policy. The argument is that the plaintiff by this agreement conveyed her interest in the policy to her husband and therefore is barred from recovery.
It is basic that such agreements must be interpreted in a manner compatible with the clear intent of the parties as manifested by the written terms of the contract. Ilfeld Co. v. Taylor, 156 Colo. 204, 397 P.2d 748.
Taking the policy as a whole, as we have already noted, decedent was its sole owner. By its express terms, the designated beneficiaries were revocable at will by the decedent. At any time he wished the decedent might have changed beneficiaries without the requirement that plaintiff either approve or give her consent.
The terms of the separation agreement required plaintiff to convey all of her "right, title and interest in and to any and all property" held by the husband. The clear meaning of this clause is that plaintiff was conveying unto the decedent any interest in the property to which she might have had a legitimate claim or interest. She had no present interest in this policy, only a mere expectancy. 46 C.J.S. Insurance § 1173b(2). Plaintiff might have renounced or disclaimed her expectancy in *140 the policy by this or any other agreement, but this is sharply distinguishable from the wording of the agreement itself, which speaks of conveying any interest she might have in the decedent's property.
The agreement does not contain a renunciation of her expectancy in the policy and, absent such a specific disclaimer, we will not construe the agreement so as to include a renunciation of her right to take as beneficiary under the policy. It is not the duty of the court to make new contracts for the parties, but merely to interpret the one as written. Yamin v. Levine, 120 Colo. 35, 206 P.2d 596. The agreement has no application to the policy itself. The trial court was in error in holding plaintiff had no right to recover under the policy terms.
Judgment reversed with directions to enter judgment and make distribution of the policy proceeds in accordance with the views expressed herein.
DUFFORD and PIERCE, JJ., concur.