543 P.2d 535 (1975)
In the Matter of the ESTATE of Donald M. McENDAFFER, Deceased.
Anna Mae McENDAFFER, Appellant,
v.
Ludmilla McENDAFFER, Administratrix of the Estate of Donald M. McEndaffer, Appellee.
No. 75-167.
Colorado Court of Appeals, Div. II.
September 9, 1975.
Rehearing Denied October 23, 1975.
Certiorari Granted December 29, 1975.
*536 Holme, Roberts & Owen, John L. Kane, Jr., John R. Webb, Denver, for appellant.
Bradley, Campbell & Carney, John G. Brant, Golden, for appellee.
Selected for Official Publication.
RULAND, Judge.
Appellant, Anna Mae McEndaffer, seeks this review of a judgment determining that proceeds from life insurance policies on the life of Donald M. McEndaffer, deceased, are payable to the decedent's estate. We reverse.
This case was submitted to the district court sitting in probate based upon an agreed statement of facts. The marriage of appellant and decedent was terminated by divorce on August 11, 1970. In connection therewith, decedent and appellant entered into a written agreement relative to division of their property.
In summary, the written agreement divided various assets between the parties, and decedent agreed to pay appellant alimony of $500 per month until she died or remarried. To cover the contingency of decedent's predeceasing appellant, the parties agreed:
"[Decedent] shall maintain for the benefit of [appellant] life insurance on the life of [decedent] in an amount of not less than Six Thousand Dollars ($6,000.00) for each year remaining until such time as [appellant] shall reach the age of 62 years at which time the obligation of [decedent] to carry such insurance shall terminate. Policies in such amount as to provide net proceeds of this amount shall be assigned by [decedent] to [appellant] irrevocably and [decedent] shall pay the premiums thereon as the same shall become due and shall pay interest on any policy loans in existence at the time of assignment of the policies to [appellant].
"Annually on the anniversary of her birth, [appellant] shall reassign to [decedent] all policies then held in excess of those necessary to insure that [appellant] receive an amount equal to Six Thousand Dollars ($6,000.00) per annum until [appellant] attains the age of 62."
The parties also agreed that the written agreement would be considered a final settlement of their property rights, that each party would execute any documents necessary to "effectuate and transfer ownership" as provided in the agreement, and that:
"[E]ach of the parties hereto will, and does hereby, waive any and all claims of every kind or nature in and to the monies, real and personal property, and other assets of every kind or nature that might be due to either from the other or the estate of the other as widow or husband, by right of inheritance, widow's allowance, or otherwise, from and after the entry of any Decree of Divorce."
As of the date of the agreement, decedent was the owner of 13 life insurance policies having a face value of $92,000 and appellant was the named beneficiary. At that time, appellant was 56 years of age. However, there were loans outstanding on some or all of the policies, in an amount which does not appear in the record before us. No steps were taken to transfer various assets pursuant to the terms of the agreement and no assignment of any policy was made by decedent to appellant. Accordingly, none of the policies was reassigned by appellant as each anniversary year passed.
Following decedent's death in March of 1973, the administratrix and appellant stipulated that from the life insurance proceeds paid appellant as the named beneficiary, $24,000 (the amount of alimony then due under the insurance provision of the property settlement) would be retained by appellant, and the parties' dispute as to the ownership of the remaining proceeds in the amount of approximately $44,000 would be submitted to the district court.
Upon review of the agreed statement of facts and the written agreement, the district court concluded that it was the intent of the parties to reach a complete settlement *537 of their property rights and for each to waive any and all claims thereafter. Accordingly, the court determined that the remaining proceeds were payable to the estate.
Since the issue on this appeal is limited to an interpretation of the parties' property settlement agreement, we note initially that we are not bound by the district court's finding relative thereto. See Alley v. McMath, 140 Colo. 600, 346 P.2d 304; Board of County Commissioners v. Anderson, 34 Colo.App. 37, 525 P.2d 478.
Appellant relies upon Mullenax v. National Reserve Life Insurance Co., 29 Colo.App. 418, 485 P.2d 137, and asserts that there was no specific waiver by her in the property settlement agreement of her rights as a beneficiary to the insurance proceeds, and that, therefore, the district court erred in its determination that such proceeds were payable to the estate.
In Mullenax the written property settlement agreement required the wife to convey to the husband all of her "right, title and interest" in all property held by him. The court held that the designation of the wife by the husband as the beneficiary under a life insurance policy acquired prior to the divorce did not create a property right but rather an expectancy. Since the deceased husband in that case was the owner of the policy and was free to change the beneficiary at any time following the divorce and did not do so, and since the property settlement agreement did not contain a specific disclaimer of the wife's expectancy as a beneficiary, the court concluded that the wife was entitled to the proceeds therefrom as the designated beneficiary. Thus, pursuant to the holding in Mullenax, the provisions of the agreement in the present case which establish that the agreement is a final settlement of the property rights of the parties do not affect appellant's status as beneficiary of the life insurance policies.
Moreover, the language of the insurance provision of the property settlement agreement quoted above does not affect appellant's status as a beneficiary. Here the insured was obligated to assign policies as security for a debt, and the assignee was obligated to reassign the policies upon payment of that obligation. In these circumstances if the assignor dies before the reassignment is obtained, the proceeds in excess of the debt are distributed to the beneficiary named by the assignor as though there never had been a prior assignment. See Howard v. John Hancock Mutual Life Insurance Co., 111 Misc. 442, 183 N.Y.S. 80; 17 G. Couch, Cyclopedia of Insurance Law § 63:388 (2d ed. R. Anderson).
This leaves for determination the issue of whether the waiver of claims language quoted above constitutes a specific disclaimer of appellant's expectancy.
In so far as is pertinent here, this provision states that appellant "will, and does hereby waive, any and all claims of every kind or nature in and to the monies, real and personal property, and other assets of every kind or nature" that might be due to her from decedent or decedent's estate as widow by right of inheritance, widow's allowance, or otherwise. Given that the insurance policies constituted an asset, see Rahe v. Prudential Insurance Co., 103 Colo. 241, 85 P.2d 725, nevertheless, appellant had no claim against that asset to waive on the date the property settlement agreement was signed.
Waiver is the intentional relinquishment of a known right. See French v. Patriotic Insurance Co., 107 Colo. 275, 111 P.2d 893. The appellant's interest in the policy as a beneficiary on the date of the execution of the property settlement agreement did not constitute a "claim" or a right, but a mere expectancy. See Mullenax v. National Reserve Life Insurance Co., supra; Costello v. Costello, 379 F.Supp. 630 (D.Wyo.). Hence, the release of claims provision did not constitute a specific disclaimer of appellant's expectancy as a named beneficiary, and for that expectancy to be terminated it was incumbent *538 upon decedent to change the beneficiary designated on the policies at issue here. Decedent not having done so, appellant is entitled to the proceeds of the policies.
We have considered the administratrix's arguments in support of a dismissal of this appeal on procedural grounds and find them to be without merit.
The judgment is reversed and the cause remanded with directions to enter judgment awarding the proceeds of the policies to appellant.
SMITH and KELLY, JJ., concur.