## No. C-833

**In the Matter of the Estate of Donald M. McEndaffer, Deceased, Ludmilla McEndaffer, Administratrix of the Estate of Donald M. McEndaffer v. Anna Mae McEndaffer**

(560 P.2d 87)

Decided February 14, 1977.          Rehearing denied March 7, 1977.

Bradley, Campbell & Carney, John G. Brant, for petitioner.

Holme Roberts & Owen, John R. Webb, John L. Kane, Jr., for respondent.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Petitioner, Ludmilla McEndaffer, administratrix of the estate of her late husband, Donald M. McEndaffer, sought review of the decision of the court of appeals in *In re Estate McEndaffer*, 36 Colo.App. 393, 543 P.2d 535, which awarded decedent's first wife, respondent Anna Mae McEndaffer, the proceeds of certain life insurance policies. We granted certiorari and now reverse the court of appeals' decision.

The facts are fully set forth in the opinion of the court of appeals. In brief, the record shows that Donald M. and Anna Mae McEndaffer were divorced on August 11, 1970. The divorce decree incorporated a settlement agreement between the parties, covering alimony, property settlement, and the like. In part, the agreement provided:

"* * * [T]he parties have now mutually agreed between themselves upon a full, final and complete settlement of all of their property rights * * *.
* * * *

"It is agreed that * * * this Agreement * * * will be considered as full, final and complete adjudication and settlement of all the property rights of the parties hereto and in any manner arising or resulting or to result from said marriage relationship, or otherwise, and in consideration of the settlement thus made, each of the parties hereto will, and does hereby, waive any and all claims of every kind or nature in and to the monies, real and personal property, and other assets of every kind or nature that might be due to either from the other or the estate of the other as widow or husband, by right of inheritance, widow's allowance, or otherwise * * *."

At the time of the settlement agreement, the decedent had thirteen life insurance policies on his life, each of which named respondent as beneficiary, and the total amount of which was $92,500. As a part of the settlement agreement, decedent agreed to maintain life insurance on his life for the benefit of respondent in an amount of not less than $6,000 for each year remaining until respondent reached the age of sixty-two years, at

which time the obligation of decedent to carry such insurance would terminate. Decedent agreed to irrevocably assign such insurance policies to the respondent, and the respondent in turn agreed to reassign to decedent $6,000 of insurance each year on her birthday.

After the divorce, decedent remarried and, upon his death, his widow, the petitioner, was appointed administratrix of his estate.

Decedent never assigned any of the insurance policies to respondent pursuant to the settlement agreement, and despite his subsequent marriage he did not change the beneficiary of any of the policies. Consequently, on decedent's death respondent, as beneficiary, claimed the entire proceeds of these policies, which then totalled $68,000.

While admitting that respondent was entitled to $24,000 of the insurance proceeds under the property settlement agreement, petitioner disputed respondent's claim to the entire proceeds.

The question of who was entitled to the balance of approxima, y $44,000 was submitted to the district court for determination on an agreed statement of facts. The court found:

"[t]hat the intention of the parties in entering into the property settlement agreement was to effect a complete settlement of the property rights of the parties and contained an express waiver of all claims from the other party, or his or her estate.

"[t]hat the decree of divorce governs the rights of the parties to the proceeds from the above listed insurance policies."

Accordingly, the district court awarded $24,000 of the proceeds to respondent and the rest to decedent's estate.

The court of appeals reversed the district court judgment and awarded the entire proceeds to the respondent. Relying on *Mullenax v. Nat'l Reserve*, 29 Colo.App. 418, 485 P.2d 137, the court found that respondent had not specifically waived her rights as beneficiary by the property settlement agreement.

■ We do not find *Mullenax, supra*, controlling. The facts of that case are distinguishable from the present case. There, the wife waived "all of her right, title and interest in and to any and all other property presently standing in the name of her husband * * *." This language was held not to encompass her interest as beneficiary, which, until her husband's death, was a "mere expectancy."

Here, respondent's waiver sweeps much more broadly. It covers "all of the property rights" and "all claims of every kind and nature in and to the * * * other assets of every kind and nature * * *." To construe their agreement as anything less than a full and final disposition of all property, claims, interests and expectancies would do violence to the parties' obvious intent, an intent we are bound to honor. *Ilfeld Co. v. Taylor*, 156 Colo. 204, 397 P.2d 748.

On similar facts, the Supreme Court of Kansas adopted the same view in *Hollaway v. Selvidge*, 219 Kan. 345, 548 P.2d 835. After examining the parties' settlement agreement, the court concluded:

"* * * Here the settlement was sufficiently comprehensive in nature to demonstrate an intent to embrace and settle all the parties' affairs of whatever nature. * * * As was said by Judge John Minor Wisdom in *Stone v. United States*, 5th Cir., 272 F.2d 746 * * * '. . . [T]he agreements were meant to accomplish the same object: to wipe the slate clean between the parties.'"

Our conclusion is also buttressed by *Dudley v. Franklin Life Ins. Co.*, 250 Ore. 51, 440 P.2d 363, and *In re Wiedemann's Estate*, 239 Cal.App.2d 269, 48 Cal.Rptr. 558.

Moreover, it is significant that the language of the divorce settlement in *Mullenax, supra*, did not contain any specific provisions for maintenance of insurance, as did the settlement agreement here being considered. It is clear that the insurance policies in effect at the time of the settlement agreement, although not specifically delineated in the agreement, were marital assets, and that the settlement agreement was intended, as indicated by the language of the agreement, to "* * * be considered as [a] full, final and complete adjudication and settlement of all of the property rights of the parties hereto and in any manner arising or resulting or to result from said marriage relationship, or otherwise * * *."

Accordingly, we reverse the judgment and remand to the court of appeals with directions to affirm the judgment of the district court.

MR. JUSTICE GROVES and MR. JUSTICE CARRIGAN dissent.

MR. CHIEF JUSTICE PRINGLE does not participate.

MR. JUSTICE CARRIGAN dissenting.

I respectfully dissent. In my view, the majority opinion applies general provisions of the kind found in nearly every divorce property settlement agreement to invalidate insurance policy provisions which clearly and unambiguously designated the beneficiary. The decedent, an educated man, had two and one-half years in which to change the beneficiary but did not do so. I would affirm the Court of Appeals.

I am authorized to state that MR. JUSTICE GROVES joins in this dissent.