Argued and submitted September 26, affirmed December 15, 1980

PRUDENTIAL INSURANCE CO.,
*Respondent,*
*v.*
WEATHERFORD,
*Respondent,*
and
WEATHERFORD,
*Appellant.*

(No. 110,854, CA 16293)

621 P2d 83

Claud A. Ingram, John Day, argued the cause and filed the brief for appellant.

Thomas E. McDermott, Portland, argued the cause for respondent Karma Lynn Weatherford. With him on the brief was Lindsay, Hart, Neil & Weigler, Portland.

No appearance for respondent The Prudential Insurance Co.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

**WARREN, J.**

Under a stipulated order of interpleader plaintiff paid into court the full amount of its term life insurance policy on the life of Grant Weatherford (Grant). The litigation proceeded as an action at law between Karma Weatherford (Karma), decedent's ex-wife, and the personal representative of Grant's estate to determine the right to the policy proceeds.

Grant and Karma were married in June, 1977, and shortly thereafter Grant named Karma as the beneficiary of the group life insurance policy maintained by his employer. The marriage ended in divorce on July 10, 1978. A property settlement agreement was prepared by Karma's attorney which provided in part:

"This agreement constitutes the full, complete and final property settlement agreement between the parties hereto and each party does hereby release and discharge the other from any and a-l [sic] claims and property demans [sic], each against the other, except as expressly provided in this agreement, and except for the grounds of dissolution which either party may have against the other."

On July 16, 1978, Grant was accidentally killed. At the time of his death, Grant's policy continued to name Karma as beneficiary. The trial court entered judgment for Karma, the named beneficiary. We affirm.

The estate acknowledges that:

"It is a general rule that when a husband names his wife as the beneficiary in a life insurance policy on his own life, and thereafter they are divorced but no change is made in the beneficiary, the mere fact of divorce does not affect the right of the named beneficiary to the proceeds of the insurance policy. [Citations omitted.]

"The weight of competent authority, however, supports the proposition * * * that the beneficiary's interest in the policy may be terminated by a property settlement agreement which may reasonably be construed as relinquishment of the spouse's rights to the insurance. This is true even though the insured does not remove the former spouse as the beneficiary under the policy." *Beneficial Life Insurance Company v. Stoddard,* 95 Idaho 628, 516 P2d 187, 188 (1973).

The estate contends that the provision of the property settlement agreement quoted above constitutes a fully integrated contract between Grant and Karma and that the trial court therefore erred in receiving parol evidence concerning Grant's intent to maintain Karma as his beneficiary until he either changed the policy or until either of the parties remarried.

In support of this contention, the estate refers us to numerous cases in which the courts of several jurisdictions have held, under facts similar to those before us, that a property settlement agreement precluded a recovery by the named beneficiary. We have examined these cases and have determined that each turns on the degree of specificity of the language employed in the property settlement agreement.

In *Dudley v. Franklin Life Ins.,* 250 Or 51, 440 P2d 363 (1968), decided under California law, the Oregon court followed *Sullivan v. Union Oil Co. of California,* 16 Cal 2d 229, 105 P2d 922 (1940). Both *Dudley* and *Sullivan* held that, under California's community property law, the life insurance policy in question was community property. Where the wife in the property settlement agreement had relinquished her rights to the property of the community and those of succession and inheritance, she could not claim as named beneficiary under the Franklin Life Insurance Company policy. 250 Or at 53.

In *Romero v. Melendez,* 83 NM 776, 498 P2d 305 (1972), as in *Beneficial Life Insurance Company v. Stoddard, supra,* the court held that the wife was not entitled to any of the proceeds of the life insurance policy which had been expressly awarded by the decree of divorce to the husband. *Contra, Harris v. Harris,* 83 NM 441, 493 P2d 407 (1972)(where the policy had not been specifically disposed of by the divorce decree).

*In Matter of Estate of McEndaffer,* 192 Colo 431, 560 P2d 87 (1977), insurance on the husband's life was specifically treated in the property settlement agreement which provided that the parties waived all claims to property or assets that

"* * * might be due to either from the other or the estate of the other as widow or husband, by right of inheritance, widow's allowance, or otherwise * * * ." 560 P2d at 88.

Because the property settlement agreement there specifically awarded the husband the life insurance policies on his life and required him to maintain a limited amount of insurance on his life for the benefit of the wife until she reached age 62, the court determined that her recovery should be limited to such amount despite the fact that she remained as named beneficiary on policies in excess of the amount specified for her in the decree.

In construing the effect of property settlement agreements, as with any contract, the inquiry is directed to the ascertainment of the intent of the parties. *Gray v. Gray,* 205 Or 116, 121, 286 P2d 138 (1955). In the absence of mistake, imperfection, claim of illegality or fraud, parol evidence is admissible only to explain ambiguity, but not to vary the terms of the writing. ORS 41.740.[1]

It is to be observed that the policy of insurance in this case was a term policy, had no cash value and was not expressly disposed of by the property settlement agreement. The agreement provided only that each party released and discharged the other from all claims and property demands. Accordingly, we conclude that evidence of the parties' intent with respect to the policy of insurance would not be inconsistent with the written agreement so as to vary its terms. *Hatley v. Stafford,* 284 Or 523, 533-34, 588 P2d 603 (1978). Moreover, while the cases referred to earlier in which the named beneficiary was denied recovery, contain language specifically directed to insurance or

---

[1] ORS 41.740 provides:

"When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be, between the parties and their representatives or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except where a mistake or imperfection of the writing is put in issue by the pleadings or where the validity of the agreement is the fact in dispute. However this section does not exclude other evidence of the circumstances under which the agreement was made, or to which it relates, as defined in ORS 42.220, or to explain an ambiguity, intrinsic or extrinsic, or to establish illegality or fraud. The term 'agreement' includes deeds and wills as well as contracts between parties."

disclaimers of expectations, the present settlement agreement does not. Language used in property settlement agreements similar to that used in the present case has been held not to bar the named beneficiary's recovery.

In *Grimm v. Grimm,* 26 Cal 2d 173, 157 P2d 841 (1945), the court noted that the property settlement agreement provided that the agreement constituted a

> " ' * * * complete property settlement between the parties hereto, and that it comprises, settles and discharges all claims arising or existing, or which may hereafter arise by reason of the marriage of the parties hereto, and that second party accepts the provisions herein made for her in full satisfaction of her right to support and maintenance.' This clause sets forth two conditions of the property settlement agreement: the wife relinquishes her rights in all the property that was or by virtue of the agreement became separate property of the husband, and either spouse discharges all claims then existing or in the future arising as a result of the marital relationship of the parties. Plaintiff bases her claim to the insurance proceeds on a contract made by the husband in her favor while they were married and left in effect by him after the property settlement agreement and the divorce. She makes no claim arising out of the former marital relationship, nor does she assert a right contrary to her general waiver of all rights in the separate property of the husband." 157 P2d at 843.

There the policy of insurance, which named the wife as beneficiary, was specifically awarded by the property settlement agreement to the husband, reserving to him the right to change the beneficiary. The court continued:

> " * * * The express reference in the agreement to the right of the husband to change the beneficiary indicates that there was no immediate change and that the wife would remain the beneficiary of the policy unless the husband exercised his right to change the beneficiary. It was for the husband to decide whether he wished his wife or someone else to get the proceeds of the policy. * * * " 157 P2d at 844.

The court concluded that because the decedent had the right to change the beneficiary in his life insurance policy but had not done so, the policy proceeds should be awarded to the wife.

Similarly, in *Mullenax v. National Reserve Life Insurance Co.,* 29 Colo App 418, 485 P2d 137 (1971), in their property settlement, the wife conveyed to the husband

" ' * * * all of her right, title and interest in and to any and all other property presently standing in the name of the husband * * * .' " 485 P2d at 138.

The court construed this language to mean that

" * * * plaintiff was conveying unto the decedent any interest in the property to which she might have had a legitimate claim or interest [at the time of the decree]. She had no present interest in this policy, only a mere expectancy. 46 CJS Insurance § 1173b(2). Plaintiff might have renounced or disclaimed her expectancy in the policy by this or any other agreement, but this is sharply distinguishable from the wording of the agreement itself, which speaks of conveying any interest she might have in the decedent's property.

"The agreement does not contain a renunciation of her expectancy in the policy and, absent such a specific disclaimer, we will not construe the agreement so as to include a renunciation of her right to take as beneficiary under the policy. * * * The agreement has no application to the policy itself. * * * " 485 P2d at 139-140.

Here, Karma's interest in the policy was not a property interest, but a mere expectancy, and it was not specifically dealt with by the terms of the property settlement agreement. By the terms of the policy itself that expectancy was subject to termination by the decedent, without the beneficiary's consent, by filing written notice of change of beneficiary. We conclude that Karma's claim here as named beneficiary under the policy is not a claim arising from the marital relationship of the parties, nor is it a property demand against the separate property of the decedent. As in *Grimm* and *Mullenax,* the policy here was not expressly dealt with in the written settlement agreement and thus could have been awarded to the named beneficiary on that basis.

Taking the estate's case, however, at its strongest, and assuming that the language of the property settlement agreement could be construed as a waiver of the expectancy, the settlement agreement was at least ambiguous as to the intent of the parties. Accordingly, we hold that the trial

court did not err in receiving parol evidence that, although decedent retained the right to change the beneficiary of the policy at will, he intended to retain Karma as the beneficiary until either of them remarried. Since decedent had not changed the beneficiary at the time of his death, the named beneficiary is entitled to the policy proceeds.

Affirmed.