No. 81-201

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

CHARLES SOHA et al.,

> Defendants, Cross-Complainants,
> Cross-Defendants, Respondents
> and Appellants,

vs.

CYNTHIA WEST,

> Defendant, Cross-Complainant,
> Cross-Defendant, Appellant and
> Respondent.

Appeal from:  District Court of the Eighth Judicial District,
In and for the County of Cascade
Honorable Joel G. Roth, Judge presiding.

Counsel of Record:

For Appellants:

James, Gray and McCafferty, Great Falls, Montana
John C. Harrison, Jr. argued, Great Falls, Montana

For Respondents:

Howard F. Strause argued, Great Falls, Montana

Submitted:  September 21, 1981

Decided:     DEC 2 1 1981

Filed: DEC 2 1 1981

Thomas J. Kearney
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Both defendants appeal from a summary judgment entered in favor of defendant West in the Eighth Judicial District, Cascade County.

This case began as an interpleader action wherein the plaintiff, a life insurance company, filed a complaint and admitted its obligation to pay $29,310.00 pursuant to a life insurance policy issued by the plaintiff on the life of Frederick Charles Soha. The plaintiff was discharged from liability by depositing the funds with the clerk of the District Court. The defendants filed their respective answers and cross-complaints. Thereafter, defendant West filed a motion for summary judgment. The District Court granted the motion and entered summary judgment in favor of defendant West in the amount of $28,840.00, plus all interest which had accrued thereon. This amount ($28,840.00) was arrived at by subtracting $470.00, which was awarded to plaintiff for attorney's fees and costs, from the $29,310.00 awarded to defendant West. Defendants Soha, et al., appeal from the judgment in favor of defendant West. West appeals from that portion of the judgment ordering that plaintiff's attorney's fees be paid out of the insurance proceeds with no provision requiring reimbursement by defendants Soha, et al.

On May 31, 1979, Frederick Soha purchased a home in Black Eagle, Montana, taking title solely in his name.

Frederick Soha and Cynthia West were married on June 29, 1979, and separated on September 15, 1979, after living together as husband and wife for a total of 79 days.

On October 11, 1979, Frederick Soha applied for life insurance with the plaintiff, Northwestern National Life

Insurance Company, through Mark Lopez, an insurance agent. The policy was issued on October 15, 1979. Frederick designated the primary beneficiary on the policy to be his wife, Cindy L. Soha (now Cynthia West), if living, otherwise to Charles Soha and LaRue Soha (Frederick's parents). When she entered into the property settlement and separation agreement, Cynthia West did not know that Frederick had purchased the insurance policy or that she was named as the primary beneficiary.

Frederick Soha had the right to change the beneficiaries under the policy but he never exercised that right.

On November 7, 1979, Frederick and Cynthia Soha executed a property settlement and separation agreement. Under the terms of the agreement Frederick retained title to the house in Black Eagle and remained liable for the debt owing on it. The agreement does not refer specifically to the life insurance policy. It contains a "Mutual Release" provision which provides:

> "In consideration of the execution of this agreement, and the terms and conditions thereof, each party hereto releases and forever discharges the other party, his or her personal representative, and assigns from any and all right, claims, demands and obligations except as herein specifically provided and each party is forever barred from having or asserting any such right, claim, demand or obligation at any time hereafter for any purpose. . . ."

The agreement also contains a "Full Disclosure" provision which states:

> "Each of the parties hereto represents and warrants to the other as an integral part of this agreement that there has been a full disclosure of assets between parties."

On November 8, 1979, a joint petition for dissolution of marriage was filed in the District Court, and on November 15, 1979, a decree of dissolution was entered. The decree

incorporated the property settlement and separation agreement.

On December 6, 1979, the insurance agent delivered the life insurance policy to Frederick Soha. At this time, the agent told Frederick that Cynthia was named as the primary beneficiary under the policy and that Frederick could change the beneficiary at any time. Frederick had told a friend that he was in no hurry to remove Cynthia's name from the policy because he believed the property settlement agreement took care of the problem.

Frederick Soha died on May 3, 1980, as a result of an accident. He was survived by his ex-wife, Cynthia West, and by his parents, Charles and LaRue Soha.

On this record, the District Court entered summary judgment for Cynthia West. It is obvious, however, that questions of fact exist which require findings and a determination by a trier of fact, especially as to the intent of the parties relating to the operation of the property settlement agreement. If their intent was that the agreement was final as to their property, then the right to proceeds would not vest in Cynthia West. The intent of the decedent as to the effect of the policy beneficiary designation in the light of the property settlement agreement is also a factual issue. Indeed, it may be an issue that the failure of Charles to disclose the presence of the insurance policy amounted to a breach of the full disclosure clause of the property settlement agreement. Where factual issues exist, entry of summary judgment is premature. Rule 56, M.R.Civ.P.

The courts are divided on the effect of a property settlement agreement which for all purposes ends the claims of one party against another, in the light of insurance

-4-

policies vesting later which have beneficiary designations that contravene the finality of the property settlement agreement. We have held that the function of a property settlement agreement is to make a "full and final" disposition of the parties' rights with respect to their joint and separate property. Miller v. Miller (1980), ___ Mont.___, 616 P.2d 313, 317, 37 St.Rep. 1523, 1525-26. A beneficiary of a policy of life insurance may become a trustee of the proceeds by force of attendant circumstances. 44 Am.Jur.2d Insurance § 1736. Kansas holds that the property settlement agreement is final, and neither party to the agreement can make any further claim except as provided in the agreement. Hollaway v. Selvidge (1976), 219 Kan. 345, 548 P.2d 835. Colorado and Florida agree, Matter of Estate of McEndaffer (1977), 192 Colo. 431, 560 P.2d 87; Hoffman v. White (Fla. App. 1973), 277 So.2d 290. Holding the other way are Shaw v. Board of Administration (1952), 109 Cal.2d 770, 241 P.2d 635 (overruled on other grounds); Cassiday v. Cassiday (1969), 256 Md. 5, 259 A.2d 299; and Cox v. Employer's Life Insurance Company of Wausau (1975), 25 Ill.App.3d 12, 322 N.E.2d 555. Wyoming, Costello v. Costello (Wyo. 1974), 379 F.Supp. 630, reasoned that the expectancy of a beneficiary is not effected unless the property settlement agreement clearly indicates that a contrary result is indicated.

Since consent is an essential element of a contract, section 28-2-102, MCA, and consent is not mutual unless all the parties agree upon the same thing in the same sense, section 28-2-303, MCA, the extent and nature of the parties' consents to the property settlement agreement are questions of fact which must be first determined. Those questions have yet to be determined in this case.

-5-

We affirm the award of attorney fees and costs to Northwestern National Life Insurance Company, the stakeholder in this case. A stakeholder, disinterested in the result, who interpleads money or property so that a court may decide the true owner is entitled to costs and reasonable attorney fees for the interpleader action. Mutual of Omaha Insurance Company v. Walsh (Mont. 1975), 395 F.Supp. 1219. Such fees and costs may be charged against the stake to be distributed. Rocky Mountain Elevator Co. v. Bammel (1938), 106 Mont. 407, 81 P.2d 673. Whether the stake should be replenished by the losing party to the extent of the awarded fees and costs is a matter for the discretion of the District Court, depending upon the equities of the case. Generally, where a bona fide conflict exists between parties as to which is entitled to the stake, no absolute duty devolves upon the losing party to bear the interpleader's fees and costs as awarded. The District Court has discretion under section 25-8-101, MCA, to order the deposited money to be delivered "upon such conditions as may be just."

Affirmed as to the appeal of Cynthia West with respect to attorneys fees and costs to the interpleader, and reversed and remanded for further proceedings as to the Soha appeal. No costs on appeal to either party.

_____
Justice

We Concur:

_____
Chief Justice

-6-

_____
Jean B. Daly

_____

_____
                    Justices