**METROPOLITAN LIFE INSURANCE CO., Plaintiff,**

**v.**

**Frances P. TRAINOR, a/k/a Frances P. Davidson Trainor, Defendant–Appellant,**

**and**

**Shirley L. Trainor, Defendant–Appellee.**

No. 85CA1331.

Colorado Court of Appeals, Div. I.

March 3, 1988.

Frank X. Dwyer, Elizabeth S. Schneider, Denver, for defendant-appellant.

Boatwright and Boatwright, Thomas R. Ripp, Wheat Ridge, for defendant-appellee.

HUME, Judge.

In this interpleader action, Frances P. Trainor (Frances) appeals from a district court judgment following a bench trial which awarded to Shirley L. Trainor (Shirley) the proceeds of a Federal Employees' Group Life Insurance (FEGLI) policy on the life of Robert E. Trainor (Insured). We reverse.

Frances contends that the court erred in determining entitlement to the proceeds of the policy based upon the insured's intent, rather than upon his strict compliance with

the designation of beneficiary requirements of the Federal Employees' Group Life Insurance Act. We agree.

Frances and the insured were married on April 5, 1941, and were divorced on February 29, 1968. The divorce decree incorporated an agreement that Frances would be named as the beneficiary for the first $15,000 of proceeds from the insured's FEGLI policy until she remarried. On August 6, 1968, the insured filed a designation of beneficiary form with his federal employer in accord with the divorce decree.

This form also named his new wife, Shirley, as beneficiary of the remainder of the policy proceeds over $15,000. No designation of change of beneficiary on the insured's FEGLI policy was later filed, although Frances had remarried sometime prior to January, 1982.

At the insured's death, on October 16, 1982, the total policy proceeds amounted to $7,600.38. These proceeds were deposited into the trial court's registry account for distribution pursuant to the court's order.

At trial, the court admitted testimony and evidence to show that although the insured had failed to file the required change of designation of beneficiary, he had intended to change the designated beneficiary. This evidence included the 1968 divorce decree and a document which had been filed with the insured's employer on January 26, 1982. The document was entitled "DESIGNATION OF BENEFICIARY, Civil Service Retirement System," and bore the insured's signature, certified by the signatures of two witnesses.

This document designated Shirley as sole beneficiary of "any lump-sum benefit which may become payable under the Civil Service Retirement Act after my death." The document contained no reference to group life insurance benefits, policies, or proceeds. Various witnesses testified, however, that the insured intended by this document to change his designated beneficiary on his FEGLI policy, and the court so found.

In its ruling, the trial court relied upon the holding in *In re Estate of McEndaffer*, 192 Colo. 431, 560 P.2d 87 (1972) in which

the Supreme Court ruled that the insured's intent evidenced in an incorporated separation agreement controlled distribution of insurance proceeds despite his failure to change the designated beneficiary as he would have been entitled to do under the divorce decree.

However, the insurance policy in this case, unlike that in *McEndaffer*, involves interpretation of a federal statute governing group insurance for federal employees. The Federal Employees' Group Life Insurance Act provides that "insurance" benefits shall be paid:

> "[T]o the beneficiary ... designated by the employee in a signed and witnessed writing received before death in the employing office or ... in the Office of Personnel Management. For this purpose, a designation, change, or cancellation of beneficiary in a will or other document not so executed and filed has no force or effect."

5 U.S.C. § 8705(a). By the adoption of this statute, Congress has indicated its clear intention to make strict compliance with the statutory provisions mandatory. *See Metropolitan Life Insurance Co. v. McMorris*, 786 F.2d 379 (10th Cir.1986); *Adams v. Macey*, 314 F.Supp. 399 (D.Md. 1970); S.Rep. No. 1064, 89th Cong. 2d Sess. 2, *reprinted in* 1966 U.S. Code Cong. & Adm. News 2070.

Here, although a writing was signed, witnessed, and filed in the proper place, that writing did not refer in any manner to the FEGLI policy proceeds and, therefore, did not strictly comply with the statute.

Accordingly, the judgment is reversed and the cause is remanded with instructions that the court enter a judgment in favor of Frances P. Trainor and direct that the disputed funds on deposit in the court registry be disbursed to her.

PIERCE and CRISWELL, JJ., concur.