Argued and submitted December 23, 1988, reversed and remanded October 11, 1989

# FENTON,
*Respondent,*

*v.*

# FENTON,
*Appellant.*

(8604-90719; CA A47923)

780 P2d 769

Brad Littlefield, Portland, argued the cause for appellant. With him on the briefs was Goldsmith, Siegel, Engel & Littlefield, Portland.

David J. Sweeney, Portland, argued the cause for respondent. With him on the brief were Michael R. Sandoval, Victoria Rudometkin and Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant (wife) appeals a summary judgment for plaintiff in his action for a declaration respecting the distribution of proceeds of the sale of real property. The effect of the judgment is to require that wife reimburse plaintiff, the administrator of the estate of wife's deceased former husband, by an amount equal to one-half of the insurance proceeds that the mortgagee, as beneficiary of a mortgage life insurance policy, applied to discharge the mortgage on the real property after husband's death. We reverse.

These facts are undisputed. Husband and wife purchased real property in Sunriver in March, 1979, as tenants by the entireties. They obtained a loan from Oregon Department of Veterans Affairs (DVA) and executed the note and mortgage. Husband had a heart condition, and he and wife intended to protect their interest in the property by insurance that would discharge the mortgage if husband died. When they obtained the loan in 1979, they purchased optional term mortgage life insurance on husband's life under DVA's Veterans' Loan Insurance Plan. It provided coverage under a group policy that American Guaranty Life Insurance Company issued. DVA was the mortgagee and the owner and beneficiary of the policy.

The note and mortgage were silent respecting the insurance, but the group insurance certificate that DVA issued to husband and wife provided that the insurer

"will pay your amount of insurance * * * to the State of Oregon, Department of Veterans' Affairs when it receives written proof that you died while insured. 'The State of Oregon' will apply the claim payment toward full repayment of your insured Loan."

During their marriage, husband and wife paid the monthly premiums and mortgage payments from marital funds. The policy accumulated no cash value.

In 1984, a dissolution judgment dissolved the marriage. That judgment provided:

"Each party is awarded a one-half interest in the real property owned by them located in Portland and Sunriver, Oregon. Said property shall be held as tenants in common and be sold as rapidly as can reasonably be done with the net

proceeds split equally between the parties after satisfying the following encumbrances: *all applicable mortgages* and/or trust deeds; all delinquent real property taxes; note to Mr. Rosenfeld; [wife's] attorney lien to Mr. Ruppell. [Wife] is given the sole power of sale and possession of the Portland property and [husband] is given the sole power of sale and possession of the Sunriver property. [Husband] shall vacate the Portland residence on or before September 1, 1984. Each party is ordered to execute and deliver all documents necessary to cause the sale of the respective properties to occur." (Emphasis supplied.)

The judgment was silent as to the mortgage insurance.

After the dissolution, husband and wife owned the property as tenants in common and both remained liable on the note and mortgage. Husband made the mortgage payments and insurance premiums with his own funds. After his death in 1986, the insurer paid the policy proceeds of approximately $42,000 to DVA, which applied them to discharge the mortgage in full. When the property was sold in 1987, there were no mortgages. After a partial distribution of the sale proceeds, plaintiff deposited the balance in escrow and initiated this action.[1]

Wife assigns as error that the court granted summary judgment to plaintiff.[2] She contests only that she must reimburse plaintiff in an amount equal to one-half of the mortgage balance that DVA discharged with the insurance proceeds. She argues that the silence of the dissolution judgment regarding the insurance aids her. It is implicit in her argument that, because the mortgage and the insurance were in effect when the court entered the dissolution judgment, that judgment contemplated the possibility of husband's death and discharge of the mortgage before sale. She asserts that, because that judgment provides that the net sale proceeds were to be

---

[1] Plaintiff's complaint alleged that he was entitled to $32,832.85 of the escrow deposit of $34,885.25. Plaintiff claimed reimbursement from wife for "(a) amounts paid to maintain and insure the property, (b) installments on the mortgage paid by [husband], and (c) the portion of the proceeds of the insurance on [husband's] life applied to [wife's] portion of the mortgage." Wife denied plaintiff's claim and counterclaimed for $26,156.12 of the escrow deposit, which included an amount equal to one-half of the net proceeds of the policy.

[2] Wife also moved for summary judgment. The court's order does not expressly dispose of that motion.

divided equally between husband and wife, she need not reimburse plaintiff. She also urges that, apart from the terms of the dissolution judgment, she should share equally with plaintiff in the benefit of the insurance under a "doctrine of inurement," which, according to her, provides that, when a tenant in common removes an encumbrance from common property, that removal inures to the benefit of all of the co-tenants.

Plaintiff responds that the dissolution judgment is silent on who receives the benefit of the insurance proceeds but contemplates that husband and wife each would be responsible to pay an equal share of the mortgage. He argues that husband, by his voluntary payment of insurance premiums, in effect paid off the mortgage, including wife's share of the mortgage debt. He asserts that, therefore, wife must reimburse him for one-half of the mortgage that the insurance discharged. He also denies that there is an equitable "doctrine of inurement" that relieves wife of the responsibility to reimburse him.

Plaintiff also asserts that husband's payment of premiums was like a co-tenant's investment in improvements on the property. He argues that, because husband's payments and subsequent death resulted in discharge of the mortgage and the consequent increase in the parties' equity, plaintiff should get the entire benefit of that increase. He also asserts that it would not be fair·if wife did not reimburse one-half of the mortgage balance, because husband had taken the "gamble" and had voluntarily paid the insurance premiums.

The court erred when it awarded summary judgment to plaintiff. Wife is not required to reimburse plaintiff. The dissolution judgment could not, and did not, change the ownership or beneficiary of the insurance or DVA's responsibility to use the proceeds to discharge the mortgage. It could have provided, but did not, that the distribution of the proceeds of the property would be allocated differently if husband chose to maintain the insurance and to pay the premiums after the dissolution judgment. Under that judgment, the net proceeds of sale were to be divided equally after payment of applicable mortgages. The judgment contemplated the possibility of husband's death while the mortgage and insurance were outstanding. It contemplated, therefore, that the mortgage on the property might be discharged before a sale and

would not then be an "applicable mortgage" and that husband's estate and wife would divide the increased net proceeds of sale equally. Accordingly, that judgment means that wife need not reimburse plaintiff.

Even if, as plaintiff argues, the silence of the dissolution judgment does not mean that it contemplated that both husband and wife would share equally in the insurance benefits resulting from husband's death, that judgment did not change the terms of the insurance policy, which benefit equally both of the mortgagors by discharging their liability on the note and mortgage. We cannot construe the silence of the dissolution judgment as a license to change the equal allocation of the benefits that the insurer paid on husband's death. *See Mullenax v. National Reserve Life Insurance Co.,* 29 Colo App 418, 485 P2d 137 (1971), *cited in Prudential Insurance Co. v. Weatherford,* 49 Or App 835, 841, 621 P2d 83 (1980).[3]

Plaintiff also argues that husband's payment of the premiums after the dissolution judgment was similar to an investment in the property. The dissolution judgment, however, contemplated that any increase in value of the property between the time of that judgment and the sale of the property would be divided equally between husband and wife. It makes no special provision for any increase in value due to an investment by either party in the property. Accordingly, even assuming that husband's payment of premiums was an investment, wife would still share equally in the increase in value.

Finally, neither the doctrine of inurement that wife propounds nor the argument that plaintiff makes on the assumption that husband paid off the mortgage changes the result. Husband did *not* pay off the mortgage; he only paid the premiums. His payment of the premiums did not change the policy's beneficiary. *See Duty v. First State Bank of Oregon,* 71 Or App 611, 693 P2d 1308 (1985).[4] The insurer paid the insur-

---

[3] In the property settlement agreement in *Mullenax,* the wife did not explicitly renounce her interest in a life insurance policy that named her as beneficiary. The court refused to "construe the agreement so as to include a renunciation of her right to take as a beneficiary under the policy." 29 Colo App at 424.

[4] In *Duty,* a corporation, rather than the named beneficiary, paid the premiums on an insurance policy on the life of one of its officers. That fact, however, did not entitle the corporation to the proceeds, at least where the insured could not change the beneficiary. Instead, the named beneficiary retained her entitlement to the proceeds, just as DVA did here.

ance proceeds to DVA and, as the contract provided, it applied the proceeds to discharge the mortgage. Regardless of who paid the premiums, both husband and wife had a similar and *limited* interest in the policy and its proceeds: the discharge of their liability on the note and mortgage if husband died.

Reversed and remanded.