Melissa MARTIN,
*Plaintiff-Appellant,*

*v.*

Kathy GOMES
and American Century Investment Services, Inc.,
a foreign corporation,
dba American Century Investments,
*Defendants-Respondents.*

Multnomah County Circuit Court
091116244; A146643

323 P3d 441

Iris K. Tilley argued the cause for appellant. With her on the opening brief were Brenda K. Baumgart and Barran Liebman LLP. With her on the reply brief was Barran Liebman LLP.

George W. Kelly argued the cause and filed the brief for respondent Kathy Gomes.

Bruce L. Campbell and Miller Nash LLP filed the brief for respondent American Century Investment Services, Inc.

Before Wollheim, Presiding Judge, and Nakamoto, Judge, and Schuman, Senior Judge.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Plaintiff, the personal representative of the estate of Timothy Freed, brought this action to recover the proceeds of an individual retirement account (IRA) created by Freed and held by defendant American Century Investments (American). After American advised plaintiff that it would pay the IRA proceeds to defendant Gomes, Freed's former domestic partner who was designated as the beneficiary of the IRA at the time of Freed's death, plaintiff, as the administrator of Freed's estate, brought this action for declaratory relief, money had and received, conversion, and breach of the convenant of good faith. Plaintiff appeals from a judgment determining that Gomes is entitled to the IRA proceeds and dismissing her claims under ORCP 21 A(8), for failure to state a claim. We conclude that the trial court did not err in determining that Gomes is entitled to the IRA proceeds. We also conclude, however, that the proper disposition of the claim for declaratory relief is not dismissal, but the issuance of a judgment declaring that Gomes is entitled to the proceeds of the IRA. We therefore vacate that portion of the judgment dismissing the claim for declaratory relief and remand for entry of judgment declaring that Gomes is entitled to the IRA proceeds and otherwise affirm.

The issues involved in this case are exclusively legal. In reviewing the trial court's ruling under ORCP 21 A(8), we assume the truth of all allegations of the complaint and give plaintiff, as the nonmoving party, the benefit of all favorable inferences. *Mitchell v. The Timbers*, 163 Or App 312, 317, 987 P2d 1236 (1999). The court considered the IRA agreement, which was attached to the complaint as an exhibit.

Freed and Gomes were domestic partners beginning in the 1980s. In 1992, Freed established an IRA through American. There are two provisions of the IRA agreement that bear on this case. Article VIII(2)(a) provided:

> "At any time and from time to time the Depositor shall have the right to designate one or more beneficiaries to whom distribution of the balance of the Custodial Account shall be made in the event of the Depositor's death * * *. Any such beneficiary designation may be revoked at any

time, and shall be automatically revoked upon receipt by the Custodian of a subsequent beneficiary designation in a valid form bearing a later execution date."

On the IRA application form, Freed designated Gomes as his beneficiary.

Article IV of the agreement provided:

"If the Depositor dies before his or her entire interest is distributed to him or her, the remaining interest will be distributed as follows:

"(a) If the Depositor dies on or after the required beginning date and:

"* * * * *

"(ii) The designated beneficiary is not the depositor's surviving spouse, the remaining interest will be distributed over the beneficiary's life expectancy[.]"

Freed died in 2009. At the time of Freed's death, Gomes remained the designated beneficiary of the IRA.

In the meantime, Freed and Gomes had ended their domestic partnership in 1998. A judgment of June 1998 divided their assets and ordered, among other things, that

"[Freed] shall maintain the retirement benefits in the retirement accounts that he has accrued. [Gomes] has no right or interest in [Freed's] retirement funds."

After the 1998 judgment, Freed changed his will to remove Gomes as a beneficiary. However, in the almost 11 years between the June 1998 judgment and Freed's death in February 2009, Freed never submitted a change of beneficiary form removing Gomes as the beneficiary of the IRA account.

Plaintiff, as the administrator of Freed's estate, requested distribution of the IRA proceeds. American informed plaintiff that the IRA would be distributed to Gomes, who was designated as Freed's beneficiary. Plaintiff filed this action, seeking, among other claims, a declaration that the estate is entitled to the IRA. The trial court dismissed all of the claims, explaining that, under the terms of

the IRA agreement, Gomes is entitled to the IRA proceeds as the designated beneficiary, and that the provisions of the 1998 judgment did not alter that. The trial court reasoned that the 1998 judgment only addressed Gomes's and Freed's property interests at the time of the judgment and did not address any expectancy interest that Gomes might have in the IRA by virtue of a beneficiary designation.

On appeal, plaintiff asserts that the trial court misinterpreted the effect of the 1998 judgment and erred in granting Gomes's motion to dismiss. In plaintiff's view, although the 1998 judgment does not refer explicitly to the IRA or to Gomes's designation as a beneficiary of the IRA, the judgment's provision that Gomes "has no right or interest" in Freed's retirement funds, clearly and unambiguously disposed of *any* interest that Gomes may have claimed in Freed's retirement benefits, including her interest as a beneficiary of the IRA.

The trial court did not err. The 1998 judgment determined that Freed would "maintain the retirement benefits in the retirement accounts that he has accrued" and that Gomes had "no right or interest in Freed's retirement funds." The judgment was apparently the culmination of an action for the division of the assets of Freed and Gomes's domestic partnership. It is true, as plaintiff contends, that the 1998 judgment expressly ordered that Gomes had no property interest in Freed's IRA. But, as the trial court concluded, such a property interest is distinct from Gomes's expectancy interest as a beneficiary. *See Keller and Holdner*, 232 Or App 341, 347, 222 P3d 1111 (2009) (former spouse's designation as a beneficiary is not a property interest, but a mere expectancy). It is undisputed that Gomes was the named beneficiary of Freed's IRA at the time of Freed's death.[1]

---

[1] Article VII(3)(e) of the IRA agreement provided:

"In the event of a divorce, if a former spouse has been designated as a beneficiary on the Custodial Account, such designation is automatically revoked. Such former spouse can be subsequently designated as a beneficiary, but only in a new designation of beneficiary executed subsequent to the final decree."

Below, plaintiff contended that the 1998 judgment was analogous to a dissolution judgment and that the provision of the IRA resulted in an automatic revocation of Gomes's beneficiary interest. She no longer makes that argument. In any event, the argument would be unavailing, because Freed and Gomes were not married

Freed's interest in his retirement accounts necessarily included the power to designate beneficiaries, and Freed could have changed the designation of Gomes at any time; he did not. Contrary to plaintiff's contention, there is no indication in the 1998 judgment or in this record that the judgment was intended to encompass any expectancy interest that Gomes might have as a beneficiary of the IRA.

This case is not analogous to cases cited by plaintiff from other jurisdictions involving dissolution settlements in which the parties agreed that retirement accounts were awarded to one spouse "free of any interest" by the other. *See Kruse v. Todd et al.*, 260 Ga 63, 69, 389 SE 2d 488 (1990) (terms of settlement agreement were sufficiently specific to allow court to conclude that spouse intended to relinquish expectancy interest as beneficiary). First, the 1998 judgment was not a dissolution judgment. Second, the judgment made no reference to the IRA or to the beneficiary designation. Contrary to plaintiff's contention, the judgment does not evidence any intention by the parties (or the court) to dispose of any interest that Gomes might have had outside of the domestic partnership, by virtue of her having been designated as Freed's beneficiary. *See Prudential Ins. v. Weatherford*, 49 Or App 835, 841-42, 621 P2d 83 (1980) (former spouse's beneficiary "interest in the [life insurance] policy was not a property interest, but a mere expectancy, and it was not specifically dealt with by the terms of the property settlement agreement").

We conclude that the trial court correctly ruled that the IRA beneficiary designation controls here. Accordingly, the trial court did not err in determining that Gomes is entitled to the IRA proceeds.

---

and there was no divorce. We note that in 2005, Or Laws 2005, ch 285, § 3, the legislature adopted ORS 107.121, which provides:

"(1) A judgment of dissolution, separation or annulment may revoke a designation of beneficiary made by a principal in favor of a spouse or a relative of the spouse if the designation of beneficiary is revocable as described in subsection (2) of this section.

"(2) A designation of beneficiary is revocable for the purposes of this section if the principal at the time of the judgment may, by law or under the terms of the instrument, cancel or change the designation of beneficiary."

Trial court's dismissal of claim for declaratory relief vacated and remanded for entry of judgment declaring that Gomes is entitled to IRA proceeds; otherwise affirmed.