{¶ 37} I am unwilling to extend the law regarding beneficiaries under insurance contracts to an IRA account. Even under that analysis, however, I do not believe that the signature requirement for a change of beneficiary operated solely for the protection of May Associates and, consequently, that May Associates waived compliance by interpleading the funds in Mrs. Kelly's IRA. I would sustain Mr. Wachter's second assignment of error on this basis, and I respectfully dissent.
 {¶ 38} In support of its conclusion, the majority relies onRindlaub v. The Traveler's Ins. Co. (1963), 175 Ohio St. 303. InRindlaub, the provision at issue read as follows:
 "[T]he Insured may at any time and from time to time during the continuance of this contract change the Beneficiary, to take effect only when such change shall have been approved in writing by the Company, whereupon all rights of the former Beneficiary shall [cease.]" (Emphasis in original) Id. at 305.
 {¶ 39} The Court then went on to hold that the emphasized language was inserted solely to benefit the insurance company and therefore could be waived by *Page 20 
that company. Even assuming that the law regarding insurance contracts is applicable to an IRA, the facts herein are distinguishable fromRindlaub.
 {¶ 40} In the instant matter, Mrs. Kelly was required to submit her change of beneficiary in writing. Unlike Rindlaub, the writing requirement was placed on Mrs. Kelly, not the bank. Specifically, inRindlaub the insurance company waived its duty under the contract to provide a writing. Here, the majority extends that rule, permitting the bank to waive Mrs. Kelly's duty to provide a writing. On that basis alone, I find Rindlaub distinguishable and inapplicable.
 {¶ 41} Furthermore, it cannot be said that the requirement herein offered no benefit to Mrs. Kelly. To demonstrate this benefit, one need only take a simple example. Suppose for a moment that someone other than Mrs. Kelly called the bank and fraudulently requested that the beneficiary be changed. The requirement of a writing, along with Mrs. Kelly's signature card at the bank, would eliminate this fraud. In stark contrast, under the majority's theory, Mrs. Kelly would have no recourse against the bank for permitting this fraud to occur. Rather, the bank could simply state that it had waived the writing requirement and thus no breach of the contract had occurred.
 {¶ 42} Moreover, the majority's approach makes the writing requirement provision of the agreement illusory. A contract is illusory when by its terms the promisor retains an unlimited right to determine the nature or extent of his performance. See Century 21 American Landmark Inc. v.McIntyre (1980), 68 *Page 21 
Ohio App.2d 126. Under the majority's rationale, the bank was free to require a writing to change the beneficiary or waive that requirement at its leisure. As we are required to give contractual provisions meaning whenever possible, I cannot subscribe to a view that creates illusory provisions.
 {¶ 43} Additionally, I believe the majority's decision conflicts with the rationale used by this Court in a matter directly related to these parties. In Kelly v. Wachter, 9th Dist. No. 23516, 2007-Ohio-3061, this Court was asked to determine the ownership of Mrs. Kelly's non-IRA accounts. In reversing the trial court's grant of summary judgment, we found it important that the bank's rules and regulations governing the accounts were not a part of the record. Without those rules and regulations, we could not determine the legal owner of the accounts. Id. at ¶ 17-21. Under the majority's approach, these rules and regulations are meaningless because they may be waived at the whim of the bank.
 {¶ 44} Finally, to the extent that Ohio law has moved toward requiring only substantial compliance for change of beneficiaries under insurance contracts, I would find that even that standard was not met here. In this context, substantial compliance is achieved when the following two prongs have been satisfied: "(1) that the insured definitely intended to change the beneficiary; and (2) that [s]he did everything possible under the circumstances to effect that change." State Mut. Life Assur. Co. ofAmerica v. Holmes (Aug. 30, 1988), 10th Dist. No. 88AP-377, citingBenton v. United Insurance Co. of America (1959), 110 Ohio App. 151. *Page 22 
 {¶ 45} Unlike the insured in Rindlaub or the insured inHolmes, Mrs. Kelly did not do everything possible under the circumstances to change her beneficiary. While she placed a call to the bank, she made no attempt to comply with the writing requirement contained in the agreement. In contrast, the insureds in bothRindlaub and Holmes complied with their obligations under their insurance contracts to the extent possible. In those cases, it was failure by the insurer to act promptly that caused incomplete compliance. Such is not the case herein. Therefore, I would find that substantial compliance has not been met.
 {¶ 46} In summary, bank fraud and identity theft are an ever-growing problem in our society. As my colleague observes in his concurring opinion, it is regrettable that Ohio law does not impose uniform requirements for the designation of beneficiaries under IRAs. The absence of a statute relating to beneficiary designations, however, does not mean that the parties to an IRA agreement cannot bind themselves to requirements for their mutual protection. One manner in which to reduce the risk of these crimes is to require that financial decisions be confirmed in writing — as the parties agreed in this case. Both banks and their customers are then protected through the use of signature cards. As this protection is offered to both parties, I do not believe that one party may unilaterally strip that protection from the other. Consequently, I would find that the writing requirement contained in the IRA agreement was valid and went unfulfilled. I, therefore, would reverse. *Page 1